No: 23,319.

FRED L. STEVENS, *Appellant*, v. A. E. VERMILLION, *Appellee*.

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*No Defense Pleaded or Proven.* The proceedings in an action on a promissory note examined, and *held*, a defense submitted to the jury was neither pleaded nor proved, and no pleaded defense was established.

Appeal from Morris district court; ROSWELL L. KING, judge. Opinion filed July 9, 1921. Reversed.

*Edwin Anderson,* of Council Grove, for the appellant.

*W. J. Pirtle,* of Council Grove, and *W. S. Kretsinger,* of Emporia, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a promissory note. The verdict and judgment were for the defendant, and the plaintiff appeals.

The defendant was engaged in merchandising at New Cambria, and the note was given to Lyon-Taylor Company, in connection with an order relating to conduct of a piano contest, to increase his sales. The order was taken by an agent of Lyon-Taylor Company, and was subject to approval by the company. It expressly provided it should not be subject to rescission, but should stand as given on the day it was dated. The note and order were written on a single sheet of paper, each one being signed separately. The sheet was perforated, so that the note might be detached. The order authorized Lyon-Taylor Company to detach the note when the order was accepted. When detached, the note was a negotiable instrument. The note was detached, and was negotiated to a holder in due course, from whom the plaintiff acquired it.

The answer contained several defenses. Execution of the note was denied in one part of the answer, but was admitted in another part, and at the trial the defendant testified he signed the note. Fraud in procuring the note was pleaded. There was no evidence to sustain the charge, and it was not

submitted to the jury.   The answer contained nothing else of importance, except the following:

"Defendant avers that after having executed said combined instrument and after having delivered the same, he discovered that it was a fraudulent scheme, illegal and contrary to public policy, and that upon said discovery he notified the said Lyon-Taylor Company that he would not be bound thereby, and directed them not to send said piano and silverware mentioned in said combined instrument."

The court either overruled or disregarded the contention that the note was void, and submitted the case to the jury on the theory it was an enforceable instrument.   There was no cross appeal, and there is no contention in this court that the note, or the scheme in connection with which it was given, was illegal or contrary to public policy.

The court instructed the jury to the following effect: The order might be withdrawn before acceptance by Lyon-Taylor Company; if withdrawn before acceptance, the note would be considered in law as an unexecuted and undelivered instrument; if the order were not withdrawn before acceptance, the plaintiff might recover, provided he were a holder in due course. There was no issue tendered by the answer respecting withdrawal of the order before acceptance.   The answer was that the defendant discovered the scheme was fraudulent, illegal and contrary to public policy, and that, on making the discovery, he notified Lyon-Taylor Company, not that the order was withdrawn, but that he would not be bound.   The instructions not only had no reference to any issue made by the pleading, but had no evidence to support them.   The order was given on June 2.   Lyon-Taylor Company's manager testified it was accepted on June 16.   The defendant testified he withdrew the order on June 12, by a letter written and mailed that day.   The letter and envelope were produced.   The letter was dated at New Cambria on June 12, but the envelope showed it was mailed at Salina on June 18.   The letter said trade was dull, the weather was dry, crops were failures, the defendant had been obliged to give a chattel mortgage on his property, commercial agents would not give him a good send-off, and he would like if the company would just cancel and return the contract.   Lyon-Taylor Company was not told the order was withdrawn.   On June 21 the defendant

was notified by letter that the order had been accepted and filled. On June 28 he wrote Lyon-Taylor Company a letter which said nothing whatever about withdrawal of the order, but which took the position stated in the answer.

Since there was no defense to the note, it is not of the slightest consequence whether or not the plaintiff is a holder in due course.

The judgment of the district court is reversed, and the cause is remanded with direction to enter judgment for the plaintiff.