## STEVENS v. FLORESVILLE QUICK SERVICE STATION.

### No. 8351.

Court of Civil Appeals of Texas. San Antonio.
Feb. 19, 1930.
Rehearing Denied March 26, 1930.

Hertzberg & Kercheville and M. R. McClanahan, all of San Antonio, for appellant. S. B. Carr, of Floresville, for appellee.

FLY, C. J.

This suit was instituted by appellant against J. W. Spruce, J. D. Spruce, and L.

950

F. Spruce, doing business under the name of Floresville Quick Service Station, to recover $685, evidenced by six promissory notes, dated November 24, 1926, five of which are for $120 each, and the sixth for $85, due respectively in two, three, four, five, six, and seven months after date. It was alleged that the notes were executed to the Brenard Manufacturing Company at Iowa City, Iowa, and that said notes are negotiable instruments and had been assigned and indorsed by the Brenard Manufacturing Company, for a valuable consideration, in due course, to appellant. Appellees J. D. Spruce and L. F. Spruce answered that the Floresville Quick Service Station is a partnership selling gasoline and oil and automobile accessories, and that if J. W. Spruce purchased the radios or executed the notes sued on, he was acting for himself and acting outside the scope of the partnership business and had no authority to bind the partnership on said notes. J. W. Spruce denied that appellant was an innocent purchaser, for value without notice, of the notes sued on, and was charged with notice that the notes had been procured by fraud and deceit. The cause was tried by jury and a verdict rendered in favor of appellees.

The evidence showed that appellant bought the notes from the payee on January 14, 1927. The notes were all dated on November 24, 1926, and the first note became due on January 24, 1927, and four others became due at intervals of two months, except the last, which became due one month after the one that was due in six months, or on July 24, 1927. There were some circumstances tending to show that one month in the $85 note had been changed to seven, thus making it due in seven months instead of one month; but also tended to show that the maker of the notes knew of the change and acquiesced in it.

■ Appellant swore positively that he had bought the notes before maturity, without notice of any fraud upon the part of the payee, and had paid value for them. To this positive testimony there was nothing antagonistic except a few circumstances that were not strong enough to overthrow the positive testimony. One circumstance was testimony of appellant that he had been purchasing notes from time to time from the Brenard Manufacturing Company, that he knew the general kind of business the company was engaged in, that he knew the notes in question were given by their customers, but did not know for what they had been given. No effort was made to show that he knew about the contracts and had experienced trouble before about said contracts. The evidence of notice was not sufficient to justify the jury in finding against appellant.

■■ In the case of Stevens v. Wheeler (Tex. Civ. App.) 3 S.W.(2d) 122, 123, cited by appellees, the court held that the contract, in that instance, provided that the notes should not be detached from the contract, and the court held that such detachment constituted a material alteration which would render them void in the hands of an innocent purchaser. Without binding this court to that ruling, we will state that in this case the contract provides, "Notes to be detached by the Brenard Manufacturing Company," and the court held in the cited case: "Where there is express or implied authority given the payee to detach notes from an order of which they originally formed a part, it has been held that such detachment does not constitute such an alteration as precludes a recovery thereon by such a holder." We conclude there was no alteration of the notes shown. The great preponderance of the evidence indicated that the appellant was a purchaser of the notes in good faith for value, and the slight circumstances in evidence were not of sufficient strength to sustain the verdict, and amounted to a mere suspicion of bad faith. The case may be capable of further development, and appellees should be given the opportunity to fully develop the facts.

The judgment will be reversed, and the cause remanded.