Robbins, J.
This is a contract action based on the following note:
Note #1 Date 2/23/1943
For Value Received, the undersigned pays $49.00 herewith, and promises to pay to the order of the Tilo *150 Roofing Company, Inc., the sum of $250.00 (Sic) 30 days after the date of this note; interest added thereafter at the legal rate; and attorney’s fees of 15% of the unpaid balance in the event legal action becomes necessary. ...................L. S. Frank B. Germano L. S.
Address of Witness
..................L. S. Benny S. Germano L. S.
Address of Witness
(Endorsed on reverse side)
Tilo Roofing Company, Inc.
By A. J. Wieland
A. J. Wieland
The answer is a general denial and pleas that the plaintiff is not a holder in due course for value, that the note had been materially altered subsequent to its signing, and that there had been a failure of consideration.
At the trial there was evidence that the plaintiff had purchased the note from the Tilo Roofing Company, Inc. on February 23, 1943 at its place of business in Stratford, Connecticut; that this note had been detached from a contract at some perforations which showed along the top edge of the note; that the plaintiff knew at the time of purchase that $49.00 had been paid some time prior to the Tilo Roofing' Company, Inc., and that the balance of $250.00 had not been paid. There was further evidence that the note had been signed in West Springfield, Massachusetts, where the offices of the plaintiff adjoin those of the Tilo Roofing Company, Inc., that it was customary for the Tilo Roofing Company, Inc. to make three carbon copies of their contracts and that a copy was customarily given to each customer. There was testimony that the work for which the note was given in payment was never completed. The defendants offered in evidence a copy of a contract in their possession. *151 No demand had been made upon the plaintiff to produce the original of the contract offered. Neither defendant identified the copy offered or had any recollection concerning it. The Trial Court excluded the copy and the defendants claimed a report on this ruling.
At the close of the trial and before the final arguments, the defendants made the following requests for rulings:
(1) A finding for the plaintiff is not warranted. (2) The plaintiff was not a bona fide purchaser for value prior to maturity. (3) The instrument in question was delivered to the payee named on November 16,1942, and any insertion by said payee advancing the date was a material alteration. (4) The plaintiff was not a bona fide purchaser for value. (5) The plaintiff did not acquire said instrument prior to maturity. (6) The instrument in question is nonnegotiable. (7) The change of date was a material alteration. (8) The detachment of the note from the original agreement was unauthorized and a material alteration. (9) The plaintiff takes subject to all defenses which the defendant has against the purported payee. (10) If the payee was not to be paid until completion of the contract, the plaintiff cannot recover. (11) The material alteration by change of date voided the instrument. (12) The material alteration by detaching the note from the contract was a material alteration of such a nature as to void the instrument. (13) No one was authorized to insert any date appearing in such instrument. (14) The material alteration of the instrument without the assent of the defendants avoided the instrument.
All of these requests were denied by the Trial Court which found for the plaintiff. The defendants claim to be aggrieved by the denial of their requests and by the exclusion from evidence of the alleged copy of the contract from which they claim the note had been severed.
There are several valid reasons why the alleged copy of contract offered by the defendants was properly excluded. *152 In the first place, there was no evidence that the document offered was in fact a copy of any contract signed by makers and payee of the note. This alone would bar the document. If the document offered was a copy, then the fact that there had been no demand on the plaintiff to produce the original, would bar the copy. Cregg Tr. v. Puritan Trust, 237 Mass. 146. The note appears to be complete in itself, and it contains no reference whatsoever to any contract. It was separated by perforations from the contract so that it could easily be detached with the result that the contract was collateral to the note. Dow v. Tuttle, 4 Mass. 414. Even in the cases in which a contract is referred to in a note, it does not affect its negotiability unless it clearly appears on the note itself that the payment thereof is subject to the contract. National Bank of Newbury v. Wentworth, 218 Mass. 30 at 32. Unless a note on its face is definitely conditioned on some agreement, when as here it is held by a bona fide holder for value, no contract may be shown in evidence against it. State Trading Corp. v. Toepfert, 304 Mass. 473. The exclusion of the offered copy was plainly right.
The defendants claim that the plaintiff is not a holder in due course because the note speaks of $49.00 being paid “herewith” while no payment was made at the time of the sale of the note by the payee. “Herewith” obviously refers to the time of the making of the note, and not to the time of the sale of the note from the payee to the plaintiff. We see nothing in the mention of the payment of $49.00 which tended to cast any suspicion on the note. Another argument of the defendants is that the alleged detachment of the note from a contract was a material alteration. The note, however, is complete on its face, was separated from the contract by perforations, and could be detached by the payee if he so desired. To detach the note was not a material alteration. Brannan’s Negotiable Instruments Law, 5th Edition, § 125 (4) Page 972, and cases there cited, *153 as follows: Conquerer Trust Co. v. Simmon, 62 Okla. 252, 162 Pac. 1098; Stevens v. Vermillon, 109 Kan. 504, 200 Pac. 277; Crane v. Guaranty Finance Corp., 141 Miss. 692, 105 So. 485; Stevens v. Floresville Quick Ser. Station, (Tex. Civ. App.) 25 S. W. 2nd, 949.
There is no evidence that the note was dated some time after it was made, but if this were true it would still be a perfectly good note because under Gr. L. c. 107, § 35 any holder may insert a date in an undated note, and by § 28 of the same chapter, the validity and negotiable character of a note are not affected by the fact that it is not dated. Many of the defendants’ requests are for findings of fact, but what has been said covers all requests for rulings. The report is to be dismissed.