## HENRY H. SAVAGE *vs.* HINDS R. DARLING.

Suffolk. January 10, 1890. — January 11, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Conversion — Attaching Officer — Evidence of Justification — Chattel Mortgage.*

In an action for conversion, to which the answer was a general denial, the defendant at the trial offered in evidence certain court records to justify his taking of the goods as an officer. The presiding judge excluded the records, but afterwards admitted them, upon the defendant's offer to amend his answer, which offer he afterwards declined to carry out. *Held,* that the defendant had no ground of exception.

At the trial it appeared that a former owner of the goods executed a bill of parcels thereof to a third person, understandingly, and for the purpose of enabling him to borrow money upon a mortgage thereof to the plaintiff. The judge refused to rule, as requested by the defendant, " that, if no consideration was paid or possession given under said paper, it would convey no title " from such owner. *Held*, that the defendant had no ground of exception.

The defendant, who had attached the goods in an action brought by such former owner against the third person, received notice of the plaintiff's mortgage by a proper demand under the statute; but, instead of returning the goods, delivered them, against the plaintiff's objection, to such owner, who claimed them under a lease which was invalid against the mortgage. The judge refused to rule, as requested by the defendant, " that, if defendant took said property on attachment, and delivered it to the attaching party within ten days of the attachment, and nothing more, it would not be a conversion." *Held*, that the defendant had no ground of exception.

Tort for the conversion of certain furniture. Answer, a general denial, with a further allegation that the furniture " is and was the property of other parties, and not the plaintiff's property." Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows.

The plaintiff put in evidence a mortgage of the furniture from Williams and Nyman to himself, and a paper in the form of a bill of parcels from James A. Harvey and wife to them, and the fact that the defendant took the goods against his objection. The defendant then offered in evidence the records in two actions in the Municipal Court of the city of Boston, one brought by Harvey against Williams and Nyman, and the other by the wife against the same defendants and another, to show that he attached the furniture as a constable of the city of Boston. The judge, upon the plaintiff's objecting, ruled that the records were not admissible under the pleadings for that purpose, and excluded them, and the defendant excepted. Subsequently, the defendant, upon offering to amend his answer so as to set up a justification under those attachments and as agent of Harvey under a lease, was allowed to introduce such records for that purpose; but afterwards he declined to file such an amendment, and elected to stand on his original answer.

Harvey and his wife, called by the defendant, testified that they never sold the furniture to Williams and Nyman, but leased it to them only. They admitted their signatures to the bill of parcels, but asserted that no consideration had ever been paid for it, or possession given under it, and that they signed

it as a schedule only of the goods to be leased. The plaintiff thereupon introduced evidence that the bill of parcels was read both by and to Harvey. There was also evidence that the bill of parcels was signed by said Harvey and wife, for the express purpose of enabling Williams and Nyman to raise money upon the same by mortgage; that the plaintiff had declined to advance the money unless such a paper was executed by the Harveys, and that the money obtained from the plaintiff upon the mortgage was paid over by Williams and Nyman to them, in part fulfilment of his contract in relation to the furniture. The defendant also testified, that, after he attached the furniture, he received a notice, under the statute, of the plaintiff's mortgage, and within three days was ordered " to take out the property under a lease"; that, as he removed the goods, he told the plaintiff that he was " taking away the goods on a lease." The defendant then delivered the goods to Harvey, who sold them two days afterwards.

The defendant asked the judge to rule, — " 1st. That, if no consideration was paid or possession given under said paper, it would convey no title from said Harvey. 2d. That if defendant took said property on attachment, and delivered it to the attaching party within ten days of the attachment, and nothing more, it would not be a conversion."

The judge refused so to rule, but, after instructing the jury as to the general rule, that it was necessary there should be consideration and delivery to make a valid sale, instructed them as follows : " But if this bill of parcels was shown to the Harveys in the condition it now is, and it was read to them, and understood by them, and they understood, as Mr. Williams distinctly swears, that the object of this whole thing was to enable Mr. Williams to borrow the money of Mr. Savage upon it, why, then it binds the Harveys as a completed transaction. It is immaterial whether any money was paid, or whether they in their own minds intended that to be to Williams a binding bill of sale, or whether they intended afterwards to make a different arrangement. If they lent themselves to the giving of this paper of apparent validity to Mr. Savage, and Mr. Savage upon that advanced the money, in accordance with their expectation that he would, then they are bound to make Mr. Savage good

by allowing the validity of his mortgage. As to conversion, I instruct you, that if the plaintiff has made out to you his title to the property, and that he made a proper demand, as it seems now to be admitted, under the statute, of the defendant as attaching officer, and the defendant at the time did not return the property, but, against the objection of the plaintiff, put the same in possession of the Harveys, claiming he was acting as agent for them under this lease, and this lease you find has no validity as against this mortgage, and he has never returned the said property, and the plaintiff has thereby lost control of the property, then the jury would be authorized to find that was a conversion of the property, although the defendant derived no advantage from it, and although, after he had put it out of his control, he had no power to return it. It would be an unlawful act of his to remove the property against the objection of the plaintiff, if the plaintiff's title was superior to that of the person for whom he was acting. If he chose to act as agent for the Harveys under that lease, and removed the plaintiff's property against his objection, why, he did it at his own risk."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*B. F. Briggs*, for the defendant.

*S. K. Hamilton*, for the plaintiff, was not called upon.

BY THE COURT. The ruling of the court excluding the records of the Municipal Court, which were offered to establish a justification of the defendant in taking, as an officer, the goods which were alleged to have been converted by him, was proper under the general denial of the answer. Pub. Sts. c. 167, § 20 and § 94, Forms of Answers in Actions of Tort. If it were otherwise, the defendant has no ground of exception, as the records were admitted upon his offer to amend his answer, which offer he afterward declined to carry out.

His first request for an instruction was properly refused. Even if no consideration was paid to the Harveys, or delivery made by them, if they executed the bill of parcels understandingly, and for the purpose of enabling Williams to borrow the money of the plaintiff upon the goods, and the plaintiff afterwards advanced the money upon a mortgage thereof, it was immaterial whether they intended in their own minds or did not

intend that it should be a binding bill of sale, or whether they themselves did or did not receive the money. They could not dispute the validity of the plaintiff's mortgage.

The second request was also rightly refused. The defendant, who attached the goods in the action of the Harveys against Williams, received notice of the plaintiff's mortgage by a proper demand under the statute. Instead of returning the property, he delivered it, against the objection of the plaintiff, to the Harveys, who claimed it under a lease, which the jury might and did find was of no validity against the mortgage. The delivery to one who wrongfully claimed to own the goods, and who subsequently sold them, was sufficient evidence of a conversion by the officer. While the instructions requested were properly refused, those given were accurate, clearly expressed, and all that the case required.  *Exceptions overruled.*