STATE TRADING CORPORATION *vs.* WILLIAM H. TOEPFERT.

Hampden.    September 21, 1939. — December 4, 1939.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Bills and Notes,* Negotiability, Bill of exchange.

The addition below the signatures of the drawer and acceptor of a bill of exchange, otherwise in negotiable form, of the words, "The obligation of the acceptor hereof arises out of the purchase of goods from the drawer, maturity being in conformity with the original terms of purchase," did not make the promise to pay in the acceptance conditional or one not to be performed "at a fixed or determinable future time" within G. L. (Ter. Ed.) c. 107, § 23, nor render the bill nonnegotiable; such words were merely a "statement of the transaction which gives rise to the instrument" within § 25.

CONTRACT. Writ in the District Court of Holyoke dated September 13, 1938.

There was a finding for the defendant by *Welcker*, J. A report to the Appellate Division for the Western District was ordered dismissed. The plaintiff appealed.

The case was submitted on briefs.

*A. Kamberg,* for the plaintiff.

*N. P. Avery, J. M. Healy, & F. E. Button,* for the defendant.

QUA, J.   The decisive question in this case is whether a . trade acceptance in the general form of a bill of exchange payable to order "On Aug. 1, 1938," is rendered nonnegotiable by the addition below the signatures of the drawer and the acceptor of these words, "The obligation of the acceptor hereof arises out of the purchase of goods from the drawer, maturity being in conformity with the original terms of purchase."

The answer depends upon whether, because of the words quoted, the promise or order .to pay contained in the acceptance became conditional or was not to be performed "at a fixed or determinable future time."   G. L. (Ter. Ed.) c. 107, § 23 (negotiable instruments law, § 1).   An order or promise does not become conditional merely because it is coupled with "A statement of the transaction which gives rise to the instrument."   § 25 (negotiable instruments law, § 3).

The words added to the instrument do not have the effect of incorporating into it by reference any previous written contract between the parties.   No writing is mentioned. The "terms of purchase" may well have rested in parol. Nor does it seem reasonable that the parties who executed in due form a written instrument for the payment of a specified sum of money on a specified day would intend by the added words to alter or . destroy the otherwise plain meaning of that instrument by importing into it as controlling conditions the terms of some oral understanding by which and not by the instrument itself the obligations of the parties would be measured.   A simple and reasonable explanation of this addition to such an instrument is that it was made in order that the paper might carry on its face an assurance both that it had its origin in a genuine commercial transaction and that there had been no extension of the original term of credit.   It has been held in a number of cases in various jurisdictions that a statement that the obligation arose out of the purchase of goods is "A statement of the transaction which gives rise to the instrument" within the meaning of § 3 of the negotiable instruments law and does not affect negotiability.   See cases collected

in Brannan, Negotiable Instruments Law (6th ed.) 158. The addition of the second statement, "maturity being in conformity with the original terms of purchase," merely confirms and does not contradict the due date stipulated in the body of the instrument. On its face the acceptance became unconditionally due and payable on August 1, 1938. It contains nothing to the contrary by reference or otherwise.

Of the several decisions upon the precise words added to this acceptance, *Heller* v. *Cuddy,* 172 Minn. 126, is in accord with our own views. See also *Ouachita National Bank* v. *Carpenter,* 160 La. 1033. The Texas Commission of Appeals reached the opposite result in *Lane Co.* v. *Crum,* 291 S. W. 1084, but this seems somewhat shaken by the later decision of the Commission in *Arrington* v. *Mercantile Protective Bureau, Inc.* 24 S. W. (2d) 383. The Iowa court followed *Lane Co.* v. *Crum* in *First National Bank* v. *Power Equipment Co.* 211 Iowa, 153. These two cases have not escaped criticism. See Brannan, Negotiable Instruments Law (6th ed.) 158, 159, and citations there contained. In *Westlake Mercantile Finance Corp.* v. *Merritt,* 204 Cal. 673, there seems to have been no due date plainly stated in the body of the instrument. There is no case in this Commonwealth closely in point. Those approaching the point are consistent with this decision. *Cota* v. *Buck,* 7 Met. 588. *Haskell* v. *Lambert,* 16 Gray, 592. *American Exchange Bank* v. *Blanchard,* 7 Allen, 333. *Taylor* v. *Curry,* 109 Mass. 36. *Costelo* v. *Crowell,* 127 Mass. 293. *Sloan* v. *McCarty,* 134 Mass. 245. *Cherry* v. *Sprague,* 187 Mass. 113. *National Bank of Newbury* v. *Wentworth,* 218 Mass. 30. *Central National Bank* v. *Hubbel,* 258 Mass. 124. *Pierce, Butler & Pierce Manuf. Corp.* v. *Daniel Russell Boiler Works, Inc.* 262 Mass. 242. *City National Bank* v. *Adams,* 266 Mass. 239. *Gloucester Mutual Fishing Ins. Co.* v. *Boyer,* 294 Mass. 35, 37.

The order of the Appellate Division dismissing the report is reversed, and judgment is to be entered for the plaintiff for the amount of the acceptance and interest.

*So ordered.*