Merrimack, } No. 4163.
Jan. 6, 1953. }

FRANKLIN DISCOUNT COMPANY *v.* GERARD M. MURPHY.

*Herbert W. Rainie* (by brief and orally), for the plaintiff.

*Stanley & Stanley* (*Mr. John W. Stanley, Jr.,* orally), for the defendant.

BLANDIN, J. All parties agree that the negotiability of the note which was issued in Massachusetts is governed by the law of that commonwealth. Applying that principle to this situation, it appears that under Massachusetts law the note was negotiable. *City National Bank* v. *Adams,* 266 Mass. 239. Since this is so, it follows that defenses which might be available to the defendant, Gerard M. Murphy, against the original payee are not good against the plaintiff, Franklin Discount Company, which is a holder in due course. *State Trading Corporation* v. *Toepfert,* 304 Mass. 473.

This would seem to dispose of the case, but since the defendant claims relief should be granted him on equitable grounds we will further examine the facts to see whether the Court's denial of the motion to vacate judgment, and in effect have a new trial, contains any error. It appears that on or about March 18, 1949, the plaintiff began its action against the defendant on the note in question in the Superior Court of Merrimack County in this state. The defendant appeared generally through counsel. Later, on August 18, 1949, as shown by an authenticated copy of the records of the municipal court of Boston, Massachusetts, the defendant sued John I. McIlhenny, the original payee of the note, alleging in his writ false representations and breach of warranty by McIlhenny in connection with the sale of certain phonographs to the defendant. The plaintiff in the present action was not a party to the suit in the municipal court of Boston and had no part in the case. While this action was pending in the municipal court, the parties to the suit in our Superior Court filed a stipulation on January 31, 1950, agreeing to a docket marking of "Verdict for the plaintiff on the

specifications, Continued for judgment." On September 20, 1950, the case in Boston was heard. On October 20 of the same year, a judgment for Murphy against McIlhenny in the sum of $1,228.10 plus costs of $11.25 was entered on the count of false pretenses. Approximately nine months afterward, on July 11, 1951, the plaintiff company moved for judgment on the stipulation in our Superior Court. The defendant Murphy then on July 17, 1951, filed a "Motion to bring forward and vacate the judgment," although no judgment had actually been entered. The substantial basis for this motion rests on the claim of the non-negotiability of the note which has already been disposed of, but the defendant further argues that in view of all the circumstances, it is not equitable that he should be forced to pay. It seems the answer to this is the Court's finding, amply supported by the record, that the defendant knew of his claim of false representations against McIlhenny long before he agreed to the stipulation for docket marking here; that there is no evidence he was forced into this agreement or was surprised by the plaintiff's motion for judgment, and that under all the circumstances, justice does not require the granting of his motion. These findings being clearly sustainable, the order is

*Judgment for the plaintiff.*

GOODNOW, J., did not sit: the others concurred.