Jacob J. Schwartzwald, J.
Defendant moves to strike out the first cause of action in the complaint for legal insufficiency on the ground that it contains no allegation that the primary obligor has defaulted.
The attacked pleading alleges in substance that plaintiff, at the request of the defendant, loaned the sum of $55,000 to Borough Park N. H., Inc., of which the defendant is the sole stockholder; that plaintiff received in exchange a note of the corporation secured by a second mortgage; that on the same date and in consideration of plaintiff’s making said loan, defendant entered into an agreement with plaintiff whereby defendant personally guaranteed the payment of said note.
The said agreement provided, among other things, that plaintiff was granted an option to purchase from the defendant one half of the stock of the corporation and defendant agreed to supply plaintiff with a certified statement of its liabilities and to let him audit the books of the corporation before exercising the option; that defendant agreed to conduct a nursing home as its executive head and manager in the employ of her corporation; and finally, that ‘‘ any breach of my undertakings herein shall, without otherwise limiting the effect thereof, cause me to become immediately liable under my guarantee for the full balance payable under the mortgage hereinabove referred to, and I agree to pay such sum, with accrued interest, on demand after such breach. ’ ’
It is further alleged that defendant in breach of her undertakings failed and refused to supply plaintiff with a certified statement of the liabilities of the corporation; that she refused to make the books and records of the corporation available for audit by plaintiff’s accountant; that by such refusal she deprived plaintiff of a reasonable opportunity to timely exercise his option, and that by reason thereof defendant became liable under the “ guarantee ” for the full balance payable under the mortgage in the sum of $53,891.72, which sum was duly demanded and payment thereof refused.
*311 Defendant urges that the language of the agreement under consideration clearly indicates that defendant’s liability must be predicated upon a default on the part of the primary obligor and that even in the absence of express agreement a guarantee is by definition a secondary liability which accrues only upon default by the principal obligor, citing Corpus Juris Secundum (Yol. 38, Guaranty, p. 1215).
Plaintiff does not quarrel with that principle generally, but maintains that he does not rely on it in this complaint. In substance, what he urges is that defendant agreed, among other things, to pay certain sums of money to plaintiff upon the happening of certain events; and the events having come to pass, the money is now payable.
It is significant to note that in discussing the nature and extent of a guarantor’s liability, it is stated in Corpus Juris Secundum (Vol. 38, Guaranty, § 43, p. 1191) that such liability ‘ ‘ depends on the terms of his contract of guaranty, as construed by the general rules of construction.” And at page 1192, it is stated: “ As compared with principal contract. The guaranty may be coextensive with, or broader or narrower than, the principal contract; but as a general rule the liability of the guarantor is measured by that of the principal, and will be so construed, unless a smaller or greater liability is expressly assumed by the guarantor”. (Emphasis supplied.)
Thus, we have here an agreement by the defendant which is broader than the original contract. In other words, the agreement under consideration was more than an absolute guarantee of payment fixing the liability of the guarantor upon the default of the principal. By its terms, whether expressed or implied, the defendant apparently undertook to pay any balance due on the mortgage when and if she violated any of the other undertakings or acts agreed to be performed by her.
Tn my opinion, therefore, the violations of defendant’s separate undertakings, as alleged, give rise to a cause of action to recover therefor, and under the familiar rule that “ If in any aspect upon the facts stated the plaintiff is entitled to a recovery, the motion [to dismiss for legal insufficiency] should be denied.” (Condon v. Associated Hosp. Service, 287 N. Y. 411, 414; Dyer v. Broadway Central Bank, 252 N. Y. 430, 432.)
The motion is denied. Settle order on notice.