QUALITY FINANCE COMPANY *vs.* EDWARD F. HURLEY.

Suffolk.   December 4, 1957, February 25, 1958. — March 6, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Contract*, Assignment, Validity, Failure of consideration. *Sale*, Conditional sale, Delivery. *Assignment*. *Public Policy*. *Practice, Civil*, Exceptions: whether error harmful; Requests, rulings and instructions. *Error*, Whether error harmful. *Estoppel*.

Refusal of a judge, who heard an action without jury and made only a general finding for the defendant, to rule as requested by the plaintiff that the evidence warranted a finding in his favor would be reversible error if a finding for him would have been warranted on the evidence. [152]

An assignee of the vendor under a nonnegotiable contract of conditional sale took only the interest of the vendor apart from an agreement by the vendee to waive as against the assignee defences available against the vendor. [153]

A provision of a nonnegotiable conditional sale contract that "in any suit . . . the . . . [vendee] waives as against any . . . purchaser [of the contract from the vendor] . . . all rights, remedies and defenses which the . . . [vendee] may now and at any time have hereunder against the . . . [vendor] to set-off . . . rescission . . . and otherwise," was contrary to the public policy of G. L. (Ter. Ed.) c. 231, § 5, as amended, and was invalid. [153–155]

In an action by an assignee of the vendor against the vendee upon a nonnegotiable conditional sale contract of an automobile signed in blank by the vendee and delivered to the vendor, the trial judge on the record properly refused requests for rulings by the plaintiff in substance that the defendant as a matter of law was estopped from asserting the defences of failure of consideration through nondelivery of the automobile, which in the contract he acknowledged having received, and of fraud on the part of the vendor. [155–156]

Evidence that a conditional sale contract of an automobile signed in blank by the vendee contained an acknowledgment by him of receipt of the automobile, that the automobile was registered in his name upon written application signed by him in blank, and that when an employee of a finance company to which the contract was assigned asked the vendee later where the automobile was the vendee replied that it "was stolen from him," would have warranted a finding that the automobile was delivered by the vendor to the vendee. [156–157]

CONTRACT.   Writ in the Municipal Court of the City of Boston dated March 6, 1953.

Upon removal to the Superior Court, the action was heard without jury by *O'Brien*, J., who found for the defendant. The plaintiff alleged exceptions.

In this court the case was submitted on briefs.

*Arthur A. Karp & John L. Murphy, Jr.*, for the plaintiff.

*William F. Dierkes*, for the defendant.

CUTTER, J. The plaintiff, a finance company, is assignee of a conditional sale agreement, by which one Roseman on January 12, 1953, purported to sell an automobile to the defendant for $1,300.86 including a $400.86 finance charge. The relevant testimony is summarized below.

An agreement on a form supplied by the plaintiff was made out by an employee of the plaintiff who gave it to Roseman so that he could get the defendant's signature on it. It was then signed by the defendant.[1] Roseman thereafter induced the defendant to sign another contract form in blank, claiming that an error had been made in the first one. One of these instruments was assigned to the plaintiff on January 12 by Roseman. The defendant testified that the automobile was never delivered to him by Roseman. It was registered, however, upon written application signed by the defendant also in blank, in the defendant's name, and when an employee of the plaintiff on February 27, 1953, asked the defendant where the automobile was "the defendant replied that the car was stolen from him." The defendant by the agreement purported to acknowledge receipt of the automobile. The plaintiff advanced the required funds to Roseman, notified the defendant of the assignment, and sent him instalment payment books.

The defendant also received another set of instalment payment books. It is suggested in one of the briefs that this

---

[1] Although the agreement purports to be "sealed," that is of no significance. The contract contemplated that Roseman had delivered or would deliver the automobile. Failure of this consideration can be shown despite the seal. See *Johnson-Foster Co.* v. *D'Amore Construction Co.* 314 Mass. 416, 421; Williston, Contracts (3d ed.) § 109. See also *Sprague* v. *Rust Master Chemical Corp.* 320 Mass. 668, 676–677. See also the express provision with respect to seals on instruments effecting sales in the Uniform Commercial Code, § 2–203 (St. 1957, c. 765, § 1, prescribing a new G. L. c. 106, effective October 1, 1958, see § 21).

came from another finance company to which the first contract signed by the defendant had been assigned by Roseman. If so, this is by no means clear from the record.

The defendant returned these payment books to Roseman about January 19 requesting him "to straighten out the matter." The plaintiff received no payments under the agreement and got in touch with the defendant, who had learned that Roseman "had left the State." The plaintiff's representative "never located the car that is the subject of this contract, and does not know where it is."[2]

This action of contract is to recover the unpaid balance due on the agreement plus a fifteen per cent attorney's fee of $195.12. The case was heard by a judge of the Superior Court. He refused rulings (numbered 1) that the "evidence warrants a finding for the plaintiff"; (numbered 5) that the "defendant is estopped to deny the validity of the conditional sale contract as against the plaintiff"; and (numbered 6) that by putting the contract "into the hands of the plaintiff's assignor, the defendant must bear the loss and is liable thereunder to the plaintiff." The case is here on the plaintiff's exceptions to the denial of these and other requested rulings, which need not be set out in full.

1. The trial judge has made only a general finding for the defendant. In view of the plaintiff's first request, the plaintiff's exceptions must be sustained if on the evidence the trial judge would have been warranted in finding for the plaintiff. *Bresnick* v. *Heath*, 292 Mass. 293, 298–299. See *Perry* v. *Hanover*, 314 Mass. 167, 173–176; *Ricciardone* v. *Carvelli*, 334 Mass. 228, 231.

2. The conditional sale agreement upon which the plaintiff seeks to recover is not in form a promissory note and is

---

[2] Probably because the automobile cannot be found, no effort is now being made to realize on it as security. Even if, as the defendant contends, the contract was in violation of G. L. (Ter. Ed.) c. 255, § 13A, as appearing in St. 1939, c. 509, § 1, the practical situation is much the same as if a sale on credit had taken place, and as if this action had been brought for the price on the principles discussed in *Lehan* v. *North Main Street Garage, Inc.* 312 Mass. 547, 550. The repeal of § 13A by St. 1957, c. 765, § 2 (but see § 1 inserting a new G. L. c. 106, § 9–504), does not become effective until October 1, 1958, under § 21 of c. 765.

nonnegotiable. See *Central National Bank* v. *Hubbel,* 258 Mass. 124, 126. Compare *State Trading Corp.* v. *Toepfert,* 304 Mass. 473. The plaintiff as assignee of the named vendor, apart from the waiver provision of the agreement, mentioned below, could take only the interest of the vendor. See G. L. (Ter. Ed.) c. 231, § 5, as amended by St. 1945, c. 141, § 2, which provides (in part) that "The assignee . . . may maintain an action thereon in his own name, but subject to all defences and rights of counterclaim, recoupment or set-off to which the defendant would have been entitled had the action been brought in the name of the assignor [with exceptions not here relevant]." *Edmund Wright Ginsberg Corp.* v. *C. D. Kepner Leather Co.* 317 Mass. 581, 585–586. *Merrill* v. *Prebilt Co.* 329 Mass. 166, 168. *Harrison Mfg. Co. Inc.* v. *Philip Rothman & Son, Inc.* 336 Mass. 625, 627–628. Restatement: Contracts, § 167. Williston, Contracts (1936 ed.) § 432. Williston, Sales (Rev. ed.) § 332.

3. If the automobile was not delivered to the defendant, there was either no sale (see *Hartford Accident & Indemnity Co.* v. *Callahan,* 271 Mass. 556, 559–561) or a failure of consideration, which the defendant could raise as a defence against Roseman, the original vendor, and against an assignee who stood in the same position as Roseman. See *Tripp* v. *National Shawmut Bank,* 263 Mass. 505, 513, where a bona fide assignee for value of a purported, but fictitious, conditional sale agreement was held "at least obliged to take the risk that the conditional sale contract upon which it relies was based upon a genuine transaction with the purpose and effect to make a real transfer of actual possession."

4. The plaintiff contends that in any event the defendant is barred from setting up (as against the plaintiff as assignee) that he is not liable upon the agreement.

The agreement contained a provision (hereinafter referred to as the waiver clause) reading in part, "If this contract is purchased from the Seller, the purchaser shall have all the rights of the Seller, and in any suit . . . the Buyer

waives as against any such purchaser . . . all rights, reme-
dies and defenses which the Buyer may now and at any
time have hereunder against the Seller to set-off . . . re-
scission . . . and otherwise." There is a conflict of au-
thority whether such a waiver clause is valid. Some courts
have held such clauses to be void as against public policy.
See, for example, *San Francisco Securities Corp.* v. *Phoenix
Motor Co. Inc.* 25 Ariz. 531, 536–540; *American National
Bank* v. *A. G. Sommerville, Inc.* 191 Cal. 364, 370–372;
*Pacific Acceptance Corp.* v. *Whalen,* 43 Idaho, 15, 19; *In-
dustrial Loan Co.* v. *Grisham,* 115 S. W. (2d) 214, 216 (Mo.
App.); *Motor Contract Co.* v. *Van Der Volgen,* 162 Wash.
449, 452–455. See also *Equipment Acceptance Corp.* v.
*Arwood Can Manuf. Co.* 117 Fed. (2d) 442, 446 (C. C. A. 6).[3]
Other cases reach a contrary result. See *Refrigeration Dis-
count Corp.* v. *Haskew,* 194 Ark. 549, 551; *Jones* v. *Uni-
versal C. I. T. Credit Corp.* 88 Ga. App. 24, 26–27; *Com-
mercial Credit Corp.* v. *Biagi,* 11 Ill. App. (2d) 80, 82;
*United States* v. *Troy-Parisian, Inc.* 115 Fed. (2d) 224, 226
(C. C. A. 9), certiorari denied sub nomine *Troy-Parisian,
Inc.* v. *United States,* 312 U. S. 699. The analogy of cases
holding against public policy an agreement in advance to
waive the defence of the statute of limitations (see *National
Bond & Investment Co.* v. *Flaiger,* 322 Mass. 431, 434–435)
supports holding ineffective a provision like the waiver
clause (a) because it deprives the conditional vendee of
benefits afforded to a defendant in his position by G. L.
(Ter. Ed.) c. 231, § 5, as amended; (b) because of the very
strong public policy of protecting conditional vendees
against the "imposition by conditional vendors and instal-
ment houses" mentioned in *Mogul* v. *Boston Acceptance Co.*

---

[3] See also Jones, *Chattel Mortgages* (6th ed.) § 1257; Corbin, *Contracts,*
§ 1515; Notes, 53 Harv. L. Rev. 1200; 44 A. L. R. (2d) 8, 162 (§ 25); 44
A. L. R. (2d) 196; 49 A. L. R. (2d) 15, 29, 45. Compare the Uniform Com-
mercial Code § 9–206 (St. 1957, c. 765, § 1, effective October 1, 1958). Com-
pare also original draft § 9–206 of the code (1952 text and comments ed.) and
see Supp. No. 1 (Jan. 1955), note at pages 183–184, especially discussion of
the New York cases. See also §§ 1–102, 2–302; Note, 57 Yale L. J. 1414;
Shattuck, *Secured Transactions under the Uniform Commercial Code,* 29
Wash. L. Rev. 1, 36–38; Spivack, *In re Article 9,* 28 Temple L. Q. 603, 616–617.

*Inc.* 328 Mass. 424, 426; and (c) because the waiver clause is an attempt (see *American National Bank* v. *A. G. Sommerville, Inc.* 191 Cal. 364, 370; *Motor Contract Co.* v. *Van Der Volgen,* 162 Wash. 449, 454) to give a nonnegotiable agreement the attributes of negotiability. Compare G. L. (Ter. Ed.) c. 107, §§ 23, 27, 28.[4] See also *Desseau* v. *Holmes,* 187 Mass. 486, holding against public policy an agreement to waive special statutory provisions for the protection of conditional vendees. Compare *Continental Corp.* v. *Gowdy,* 283 Mass. 204, 219, 222.

We recognize that G. L. (Ter. Ed.) c. 231, § 5, is primarily a procedural statute and that its provisions, preserving an obligor's defences against an assignee of an obligee, suing in the assignee's own name, are in large measure designed to ensure that such a direct suit does not deprive the obligor unwillingly of defences which he may have against the original obligee. However, giving weight to the considerations already mentioned affecting such contract provisions, we think that a blanket provision like the waiver clause (in the present case set out in a long closely printed agreement form) should be disregarded as contrary to the policy of G. L. (Ter. Ed.) c. 231, § 5 (see *Lewis* v. *Club Realty Co.* 264 Mass. 588, 590–591). Compare, however, cases where negotiable instruments were involved like *Standard Acceptance Corp.* v. *Chapin,* 277 Mass. 278, 282. Compare also *Commercial Credit Co.* v. *M. McDonough Co.* 238 Mass. 73, 78–79; *Gramatan National Bank & Trust Co.* v. *Moody,* 326 Mass. 367, 371.

5. The plaintiff contends (apart from any argument based on the waiver clause) that, because the defendant signed the agreement in blank, he is estopped by affirmative conduct to assert the defences of fraud and failure of consideration. Estoppel is a question of fact and in the present circumstances it could not have been ruled as a matter of law that the defendant was estopped. See *Jerome* v. *Eastern*

---

[4] For comparable provisions of the Uniform Commercial Code see §§ 3–104 to 3–114 (St. 1957, c. 765, § 1; see footnote 1, *supra*). See also *Central National Bank* v. *Hubbel,* 258 Mass. 124. Compare *State Trading Corp.* v. *Toepfert,* 304 Mass. 473.

*Finance Corp.* 317 Mass. 364, 368–369; *Louis M. Herman Co. Inc.* v. *Gallagher Electrical Co. Inc.* 334 Mass. 652, 657. It was here plainly for the trier of the fact to determine, where more than one inference could be drawn from the evidence, whether the plaintiff had in fact relied in good faith upon any representations in the agreement signed by the defendant made with the reasonable expectation of such reliance. See *Parker* v. *Funk,* 185 Cal. 347, 352–354; *Banco Mercantil, S. A.* v. *Sauls Inc.* 140 Cal. App. (2d) 316, 323–326; *Universal Credit Co.* v. *National Radio Manuf. Co.* 174 Okla. 178, 179–180; *Doub* v. *Rawson,* 142 Wash. 190, 192–193. Compare *Savage* v. *Darling,* 151 Mass. 5, 8 (defendants held not entitled to dispute a document indicating transfer of chattels to plaintiff's mortgagor given to enable the mortgagor to borrow on the security of the chattels); *Norman F. Thiex, Inc.* v. *General Motors Acceptance Corp.* 218 Wis. 14, 21–24 (purchaser on conditional sale signing agreement in blank held estopped to set up defences based on the wrongful filling in of blanks against a finance company relying on the agreement in good faith). On the present record, the trial judge was correct in refusing the plaintiff's fifth and sixth requests for rulings in effect that as a matter of law the evidence showed that the defendant was estopped.

6. The plaintiff could recover in the present case if the trier of the fact made either of two findings (a) that the automobile was delivered by Roseman to the defendant, or (b) that the automobile was not delivered to the defendant, but that facts were such as to give rise to an estoppel of the defendant to assert the defence of failure of consideration. It is necessary only to consider the former of these possibilities.

The acknowledgment of the receipt of the automobile contained in the agreement signed in blank by the defendant was not conclusive upon the trier of the fact. See *Dubois* v. *Atlantic Corp.* 322 Mass. 512, 521; Williston, Contracts (1936 ed.) § 632. However, this acknowledgment was evidence to be weighed with other evidence with respect to the

delivery of the automobile. See *Rosenblatt* v. *Holstein Rubber Co.* 281 Mass. 297, 301. The defendant's statement that the automobile had been stolen from him could be found to be an admission that he once had the automobile. In view of the trial judge's general finding for the defendant, he probably believed that the automobile was not in fact delivered to the defendant, but he made no specific finding to that effect sufficient to make the first requested ruling immaterial. Accordingly, the exception to the failure of the trial judge to give the first ruling requested by the plaintiff must be sustained. A finding for the plaintiff would have been warranted.

