*Northern District*

No. 5781

**ALFRED ALLAIN, JR. d/b/a
A. ALLAIN & SON**

**v.**

**GEORGE W. SALISBURY**

October 8, 1963

*Present*: Brooks, P. J., Connolly & Parker, JJ.

Case tried to *Troy, J.* in the First District Court of Essex. No. 4976.

*Parker, J.* This is an action of contract to recover $608.78 on an account annexed for labor and materials furnished by the plaintiff to the defendant. The answer is general denial, payment, and denial that the defendant had any personal dealings with the plaintiff. The court found for the defendant.

The court denied the following three requests for rulings asked by the plaintiff:

1. The evidence warrants a finding for the plaintiff.

3. The facts set forth in the plaintiff's notice to admit facts are to be taken as admitted by the defendant.

4. The facts set forth in numbers 3, 4, and 8 of the plaintiff's notice to admit facts are admitted by the defendant.

In addition, the report shows that the plaintiff made a "blanket objection", and request for a report as to all evidence contradicting numbers 3, 4, and 8 of the notice to admit facts, and further to the refusal of the court to strike out the answer of the defendant on cross-examination to the question: "Are you the one who originally hired Mr. Allain?", which answer was: "Yes, as agent of Structural Steel Units."

The facts set forth in numbers 3, 4, and 8 of the plaintiff's motion to admit facts were not made a part of the report, and so this

court is unable to pass upon the action of the court in denying the plaintiff's requests #3 and #4, or as to the plaintiff's claim of error in the court's not sustaining the plaintiff's "blanket objection" to all evidence contradicting the same.

The report shows that there was evidence that the plaintiff met the defendant and that the defendant told the plaintiff he wanted certain electrical work done and described it; that he asked the price for the work and the plaintiff gave him an approximate price; that the defendant told the plaintiff to go ahead with the work and the plaintiff proceeded to do so; that the plaintiff sent a bill for the work to Structural Steel Units as requested by the defendant; that in July 1958, the plaintiff went to the place where he had done the work and saw the defendant and received a check of $100.00 on account, and that the same occurred in September 1958, but the plaintiff did not know whose check it was in either case. In December 1958, the plaintiff billed the defendant for this work. In January 1959, the plaintiff saw the defendant and asked him for the money, and the defendant said he would see what he could do about it. The defendant originally told the plaintiff what work was to be done and what was its scope, and the plaintiff later asked him for payment for this work, and the defendant did not know what he told the plaintiff in reply.

This constituted evidence which would have warranted a finding for the plaintiff. There

is no finding of fact recited in the report. While a finding for the plaintiff was not required, it was warranted. Accordingly, the denial by the court of this request was in error. *Bresnick v. Heath,* 292 Mass. 293, 298; *Quality Finance Company v. Hurley,* 337 Mass. 150, 152; *Rock-Ola Mfg. Corp. v. Music & Television Corp.,* 339 Mass. 416, 422-423; *Belger v. Arnot,* 344 Mass. 679.

Because of this error, it is unnecessary to consider the refusal of the court to strike the answer of the defendant on cross-examination as stated above. The case is returned to the First District Court of Essex for retrial.

William E. O'Brine, of Salem, for the Plaintiff. Saul E. Lipnick, of Boston, for the Defendant.