Louis J. Capozzoli, J.
This is a motion by plaintiff for summary judgment pursuant to CPLR 3213.
Plaintiff factor in its affidavit in support of this motion dated October 23, 1964, sought recovery based upon its status as a holder of negotiable instruments executed and delivered in connection with purchases under conditional sales contracts. After the affidavit in opposition pointed out that the notes sued upon were never negotiated, plaintiff, in its reply affidavit, which concedes that the notes were not negotiated, seeks to sustain its position based upon its status as assignee of the conditional sales contracts (and apparently also as assignee of the note dated September 15,1961). Defendants do not challenge the propriety of this procedure.
*448 The two conditional sales contracts assigned to plaintiff were executed and delivered by defendant Walco Cleaning & Laundry Villages, Inc. (hereafter “Villages”) to plaintiff’s assignor (Massachusetts Laundry Center Corporation) in connection with the purchase of certain self-service laundry equipment. The individual defendant and defendant Walco American Corporation unconditionally guaranteed payment and performance of all debts and obligations due plaintiff from defendant Villages. The guarantees were given ‘ ‘ In consideration of, and in order to induce you [plaintiff] to purchase or otherwise acquire notes * * *' conditional sale contracts * * * or other obligations * * * bearing the signature as maker * * * acceptor, assignor or in any other capacity of Walco Cleaning and Laundry Villages, Inc. ”.
Subsequently, Villages claims that it encountered difficulties with the machines sold to them and was unable to get recourse from its vendor, who apparently now is defunct. Plaintiff is relying upon its status as a good faith assignee for value of the conditional sales contracts to preclude the raising by defendants of defenses based upon such alleged malfunctioning of the-laundry equipment purchased.
The conditional sales contracts provide as follows: “The Buyer will settle all mechanical, service or other claims with respect to the sale evidenced hereby directly with the Seller and not with the Seller’s assignee hereunder, and the Seller’s assignee shall have no liability or obligation arising out of any such claim, and the Buyer covenants that it will not assert against any assignee of the seller any defense, counterclaim or offset on account of breach of warranty or otherwise in any action for the purchase price or for possession brought by any assignee of the Seller ”. (Emphasis added.)
The contracts provide further that: ‘ ‘ There are no agreements, understandings, representations or warranties, between the parties hereto not embraced herein, it being agreed that this instrument contains the entire agreement between the parties and no agent or representative of the seller has any authority to vary, change or add to the terms hereof, either orally or in writing.” (Emphasis added.)
The defendants, who raise the defenses of breach of warranty and failure of consideration, would have this court completely ignore the above-quoted unequivocal language contained in the conditional sales contracts. This the court is not prepared to do because of defendants’ specious claim that such language “ appears in minute print at the bottom of each of the conditional sales contracts,” or for any other reason urged by them.
*449 This court has carefully examined the cases relied upon by defendants in support of their contention that the clause providing that the buyer shall not assert against an assignee any defense, counterclaims, etc., which it may have against the seller-assignor is unenforcible, and is of the opinion that they are not determinative of the present case. The general theme running through those cases is that the courts should not “ throw the burden of caution on the untrained run-of-the-mill buyer ” (Buffalo Ind. Bank v. De Marzio, 162 Misc. 742, 744).
In the instant case, the defendants cannot properly be characterized as ‘1 untrained run-of-the-mill ’ ’ buyers. In fact, they do not deny that they knew, at the time of the purchase of the equipment, that the contracts were to be assigned and that the notes were intended to have been negotiated. The forms utilized, themselves, identified plaintiff as the vendor’s factor, and contained assignment and indorsement provisions on the face thereof. In addition, defendant Walco, a substantial corporation, and defendant Richmond, its president, must be assumed to have understood the consequences of their acts.
It also appears that notice of the alleged breaches by the vendor were first received by plaintiff after the contracts were in default and litigation had begun. Any claim of failure of consideration in the Summer of 1961 is completely negated by the fact that defendants continued to buy the same equipment through December, 1961, and continued to issue the same commercial paper as that now before this court long after the contracts presently sued upon were assigned to plaintiff.
Moreover, in June, 1962, defendant sold the store containing the incumbered equipment, and represented in the agreement of sale that “ Said conditional sales contracts and promissory notes are validly existing, in full force and effect, and legally binding and enforceable in accordance with their terms * * * and no event has occurred which constitutes a default under any such contracts”. Defendants thereafter notified plaintiff that they sold their store and equipment, and that the buyer “ has assumed the payment of the balance of these B-W payments.”
Clearly, therefore, the parties dealt at arm’s length, and defendants cannot attempt to disguise themselves as unwary victims of a merchant’s sharp practices. We can fairly conclude that defendants read and understood the provisions of the conditional sales contracts. It would be unrealistic to ascribe to defendants such incompetence that they did not understand what they read (Danann Realty Corp. v. Harris, 5 N Y 2d 317, 321).
Nor has any proof been submitted hereon to substantiate defendants’ claim that the vendor was “ acting only as an agent *450 for the plaintiff, the actual seller.” Nothing has been submitted which is sufficient to cast doubt upon plaintiff’s status as a bona fide assignee for value. Even if it be assumed as true that plaintiff is a subsidiary or division of Borg-Warner Corp., the manufacturer of the equipment, this fact alone is insufficient to bar the granting of summary judgment (see Pagel, Horton & Co. v. Harmon Paper Co., 236 App. Div. 47, 51). The clause whereby the buyer agreed that it would not assert against an assignee any defense, counterclaim, etc., which it may have against the seller is enforcible by plaintiff as against the defendant purchaser (National City Bank of N. Y. v. La Porta, 109 N. Y. S. 2d 143; Glens Falls Nat. Bank & Trust Co. v. Sansivere, 136 N. Y. S. 2d 672, 675; note, also, section 9-206 of the Uniform Commercial Code, which is indicative of the public policy of this State as it will apply to future transactions of this type) and the defendant personal guarantors (Cross v. Rosenbaum, 7 Misc 2d 309, 311).
Joinder of the vendor was not necessary, under the terms of the guarantee, and the pendency of an action in New Jersey, for the same cause against the named, but unserved, defendant, Walco American Corporation, is no reason for withholding the granting of summary judgment (if otherwise warranted) against the remaining defendants.
The motion for summary judgment is in all respects granted.