**GENERAL ELECTRIC CREDIT CORP.,**
**Plaintiff,**

v.

**Ernest V. NOBLETT, Defendant.**

**Civ. No. 66–375.**

United States District Court
W. D. Oklahoma.
May 29, 1967.

Gary C. Rawlinson, of Fellers, Snider, Baggett & McLane, Oklahoma City, Okl., for plaintiff.

Val R. Miller, of Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Oklahoma City, Okl., Paul D. Sullivan, of Leach & Sullivan, Duncan, Okl., for defendant.

## MEMORANDUM OPINION

EUBANKS, District Judge.

Plaintiff commenced this diversity action on October 5, 1966, alleging generally in its complaint that defendant and Bowl-Mor Company, Inc., entered into a written contract on May 20, 1965 whereunder defendant leased from Bowl-Mor eight automatic ten pin setting machines. According to the terms of that rental lease contract defendant agreed to pay, in installments, certain specified sums of money for the use of the machines, the first installment becoming due on September 6, 1965. The rental lease agreement provided, among other things, that "The Lessor (Bowl-Mor) may assign all its right, title and interest under this lease, including the payments due hereunder, but the Assignee shall not be held responsible for any of the Lessor's obligations. The obligations of the Lessee (Noblett) shall, however, continue in full force and effect."

The complaint alleges further that Bowl-Mor assigned the rental lease agreement to plaintiff on May 24, 1965, and thereafter the defendant made two installment payments as was required of him but defaulted on the installment due September 20, 1965, and has made no payments since. Recovery is sought for the accelerated balance due under the lease after deducting the proceeds of the sale of the machines. (By agreement of both parties such sale has been accomplished since this suit was filed.)

By way of answer the defendant admits the execution of the rental lease agreement and does not deny his default but raises two defenses. (1) That he is not individually obligated because it was agreed between him and Bowl-Mor that the contract be signed by him as an individual only to expedite delivery of the machines, but that it was understood that as soon as he formed a corporation, Marlow Lanes, Inc., all of lessee's responsibility under the contract would be shifted to that corporate entity. In this part of his defense defendant says plaintiff had notice of such understanding between him and Bowl-Mor and subsequently recognized Marlow Lanes, Inc., (the corporation which was indeed formed) as the obligor thereunder. (2) That the machines were not as warranted and represented to him in that they were defective and would not operate efficiently. Also defendant claims a breach of further provisions of the agreement to allow him an advertising and sign allowance and a failure on lessor's part to provide an agreed "on-the-job training" for employees. Defendant contends that this second defense amounts to a failure of consideration for the contract.

The case is now before the Court on motion of plaintiff for summary judgment to which is attached the affidavit of R. N. Lamy, plaintiff's credit specialist, saying, in effect, that plaintiff took the assignment of the rental lease from Bowl-Mor for a valuable consideration, in good faith and without notice of any claim or defense which Noblett may have against Bowl-Mor. Responding to plaintiff's motion defendant substantially reiterates his two defenses in an affidavit but adds thereto by saying that there are writings that will corroborate his claim that he was not to be held individually obligated, which writings he is currently attempting to locate.

Both parties agree that Massachusetts substantive law governs this matter because of contract provisions. Able counsel for both parties are apparently also in accord that irrespective of whether it is a matter of procedural law and thus governed by the rules of the forum, parole evidence cannot be allowed to vary or contradict the terms of a written instrument. With reference to the specific issue of individual or corporate liability it was said in Norfolk County Trust Co. v. Green, 304 Mass. 406, 24 N.E.2d 12 (1939), "but the written agreement purports on its face to bind the defendant and appears to set out a complete contract of the parties. Parol evidence to contradict or vary its terms was not admissible." For other cases holding that where there is nothing in the instrument to indicate the signer thereof acted otherwise than as an individual, or that a corporation was to be bound, a signer will not be heard to say he acted in a representative capacity only, see Ricker v. B-W Corp., 349 F.2d 892 (10th Cir. 1965); Mid-America Corp. v. Miller, 372 P.2d 14 (Okl.1962; and 82 A.L.R.2d 424).

For the foregoing reason the the first defense herein must fail unless defendant is able to produce written evidence that only Marlow Lanes, Inc., was to be responsible under the lease and be further able to establish that plaintiff had notice of same. Since this is a possibility according to the affidavit and answer of defendant it follows that, as regards this point, plaintiff's motion for summary judgment must be, and accordingly is overruled.

The question relative to the second defense of Noblett presents a much more difficult problem. As noted above the lease contained a proviso that *"Assignee (General Electric Credit Corporation, plaintiff herein) shall not be held responsible for any of the Lessor's (Bowl-Mor) obligations."*

Whether the allegations in the answer and amendment thereto, to-wit: breach of warranty of fitness of the machines; disregard of the agreement to provide "on-the-job training"; and failure to make allowance for advertising and sign, be technically designated as "defense," "counterclaim" or "set-off" and regardless of whether defendant seeks recission of the contract or affirmance with damages to him because of the alleged breach, it is clear that all of the omissions complained of by him were obligations of Bowl-Mor, not plaintiff. It seems further to be clear from the contract that plaintiff is exonerated from responsibility for all of these complaints unless the contract provision allowing same be invalid.

Section 9–206(1) of the Massachusetts Uniform Commercial Code provides: "Subject to any statute or decision which establishes a different rule for buyers or lessees of consumer goods, an agreement by a buyer or lessee that he will not assert against an assignee any claim or defense which he may have against the seller or lessor is enforceable by an assignee who takes his assignment for value, in good faith and without notice of a claim or defense * * *."

At the time the above statute was enacted the Supreme Court of Massachusetts had held in Quality Finance Co. v. Hurley, 337 Mass. 150, 148 N.E.2d 385, that "where a conditional sales agreement for an automobile provided that if the contract was purchased from seller the purchaser should have all the rights of the seller and the buyer waived as against the purchaser all defenses which the buyer might have against the seller, provision was invalid as contrary to the policy of the statute." Therein the court specifically found that such a 'waiver of defenses' was in contravention of the express terms of Massachusetts G.L. (Ter.Ed.) C. 231, Sec. 5, as amended by St.1945, C. 141, Sec. 2, which (at the time) provided: "The assignee * * * may maintain an action thereon in his own name, but subject to all defenses and rights of counterclaim, recoupment or set-off which the defendant would have been entitled had the action been brought in the name of the assignor." The court in Hurley care-

fully examined the decisions from many jurisdictions and observed, "there is a conflict of authority whether such a waiver clause is valid." I do not have available the Statutes of Massachusetts so do not precisely know what happened to G.L. (Ter.Ed.) C. 231, Sec. 5, as amended by St.1945, C. 141, Sec. 2, when, in 1958, that state enacted Sec. 9–206 of its Uniform Commercial Code but hold that the subsequent act in effect repealed the above excerpted portion of the earlier one. Therefore if Hurley were again before the Supreme Judicial Court of Massachusetts a contrary result would obtain. Such opposite holding has since been reached by a trial court in New Jersey in a case involving a contract identical, in pertinent part, with the one in this case. See General Electric Credit Corporation v. Brick Plaza Lanes, Inc., Docket No. L 25891–64, A–13908, Superior Court of Ocean County, New Jersey.

Other cases holding to the same general effect are B-W Acceptance Co. v. Richmond, 46 Misc.2d 447, 259 N.Y.S.2d 965; Beam v. John Deere Co., 240 Ark. 107, 398 S.W.2d 218; and First National Bank of Elgin v. Husted, 57 Ill.App.2d 227, 205 N.E.2d 780. None of the cases cited by defendant involve an interpretation of similar contract provisions as related to the Uniform Commercial Code, Sec. 9–206. Although not involving the Uniform Commerical Code this very Court, through Judge Bohanon, upheld a contract provision whereby buyer agreed to settle all his claims against seller directly against seller and agreed not to set up any such claims against the assigns of seller. See Straight v. James Talcott, Inc., 10 Cir., 329 F.2d 1.

Defendant still has his remedies as against Bowl-Mor although regrettably that concern is in bankruptcy. The unfortunate circumstances in which defendant finds himself in this case is no legal ground for violating his contract heretofore made. For the foregoing reasons I hold that the second defense plead herein is unavailable as against the plaintiff.