Daniel E. Macken, J.
On July 3, 1964 Bowl-Mor Company, Inc. and defendants made a agreement whereby Bowl-Mor leased to defendants four automatic ten-pin setting machines, the agreement calling for a total rental of $39,600 payable in installments over a period of years. The lease provided: “ The lessor may assign all its right, title and interest under this lease including the payments hereunder but the assignee shall not be held responsible for any of the lessor’s obligations ”. The lease was assigned to plaintiff July 30, 1964. Defendants have defaulted in payment of rental and this action is brought to recover the entire balance payable under the agreement. Plaintiff moves for summary judgment.
Only defendant Ludwig Beyerlein has appeared and in his answer, as a defense, alleges that from the time of their installation the machines failed to function properly and further that, as agreed, Bowl-Mor failed to afford defendant Ludwig Beyerlein an adequate training program in the maintenance and servicing of the machines. The lease agreement provided: “ Regardless of the place of execution, this lease shall be interpreted in accordance with the laws of the Commonwealth of Massachusetts ”.
Massachusetts has adopted the Uniform Commercial Code (General Laws of Massachusetts, ch. 106), and whether plaintiff is entitled to summary judgment depends upon whether defendants’ agreement that plaintiff not be held responsible for BowlMor’s obligations is enforcible under the provisions of subdivision (1) of section 9-206 of the code, which provides: “ Subject to any statute or decision which establishes a different rule for buyers or lessees of consumer goods, an agreement by a buyer or lessee that he will not assert against an assignee any claim or defense which he may have against the seller or *726 lessor is enforceable by an assignee who takes his assignment for value, in good faith and without notice of a claim or defense, except as to defenses of a type which may be asserted against a holder in due course of a negotiable instrument under the Article on Commercial Paper (Article 3).”
Prior to the effective date of the Uniform Commercial Code but subsequent to its enactment, the Supreme Judicial Court of Massachusetts held that an agreement in a conditional sales contract whereby a buyer waived as against a purchaser of the contract1 ‘ all rights, remedies and defenses which the Buyer may now and at' any time have hereunder against the Seller to set-off * * * rescission # * * ■ and otherwise ’ ’ was contrary to the policy of the State and should be disregarded. (Quality Finance Co. v. Hurley, 337 Mass. 150, 154.) The conclusion was reached on the basis of section 5 of chapter 231 of the General Laws of Massachusetts which provides: “ The assignee of a non-negotiable legal chose in action which has been assigned in writing may maintain an action thereon in his own name, but subject to all defenses and rights of counter-claim, recoupment or set-off to which the defendant would have been entitled had the action been brought in the name of the assignor ”.
In General Elec. Credit Corp. v. Noblett (268 F. Supp. 984), a case involving a contract and alleged defenses substantially identical- with those in the present action, the District Court (Oklahoma) upheld the validity of the waiver clause. In so doing, the court referred to Quality Finance Co. v. Hurley (supra) and said (p. 987): “I do not have available the Statutes of Massachusetts «o do not precisely know what happened to G. L. (Ter. Ed.) 0.231, Sec. 5 * * * when, in 1958, that state enacted Sec. 9-206 of its Uniform Commercial Code but hold that the subsequent act in effect repealed the above excerpted portion of the earlier one. Therefore if Hurley were again before the Supreme Judicial Court of Massachusetts a contrary result would obtain.” I am unable to agree with this conclusion of the District Court. Contrary to the information apparently before that court, although the Massachusetts Uniform Commercial Code did not become effective until after the decision of Quality Finance Co., it was enacted in 1957 prior to the decision and is referred to in a- footnote appearing at page 154 of the opinion. Although at the time of the enactment of the code many existing Massachusetts statutes were repealed, an examination of the Annotated Laws of Massachusetts, including the 1966 Cumulative Supplement, does not reveal that section 5 of chapter 231 of the General Laws has been repealed *727 or amended. My limited facilities for research of Massachusetts law have failed to disclose any subsequent holding contrary to that of Quality Finance Co. and I have no reason to assume that the Supreme Judicial Court of Massachusetts would hold differently today.
Bowl-Mor chose to require that the lease be interpreted in accordance with Massachusetts law and I conclude that under the law of Massachusetts the clause relieving the assignee from responsibility for Bowl-Mor’s obligations is unenforcible. Unless such be the effect of the holding in Quality Finance Co. v. Hurley (supra), the language of section 9-206 “ subject to any statute or decision which establishes a different rule ” is meaningless.
The motion is denied with $20 costs to defendant Ludwig Beyerlein to abide the event. (Uniform Commercial Code, § 9-318.) Since the alleged defenses arise from the lease agreement, whether or not the defendant was notified of the assignment is immaterial (Fall River Trust Co. v. B. G. Browdy, Inc., 346 Mass. 614).