■ A. C. LEASING, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 45499.) — Judgment unanimously modified on the law and facts by reducing the judgment to $308,224 and as modified affirmed, without costs. Memorandum: In computing the amount of the award the trial court accepted the gross rent of $42,955 without any reduction for expenses such as heat, light and janitorial services. This produced a per square foot valuation of $1.43. The claimant's proof of annual expense is $11,700. We find that $1.20 per square foot is a more accurate representation of the market value on the date of taking. We further find that the per acre valuation of the unfilled land is $6,000 and that the per acre valuation of the filled land is $9,000. This results in a reduction of $16,500 and as so reduced the judgment is affirmed. (Appeal from judgment of Court of Claims, in action for damages for permanent appropriation.) Present — Bastow, P. J., Goldman, Del Vecchio, Marsh and Henry, JJ.

■ GENERAL ELECTRIC CREDIT CORPORATION, Appellant, v. LUDWIG BEYERLEIN et al., Respondents.— Order unanimously affirmed, with costs. Memorandum: Since the personal property in question is not consumer goods, the reliance of the court below on *Quality Finance Co.* v. *Hurley* (337 Mass. 150) as creating an exception to section 9-206 of the Massachusetts Uniform Commercial Code was mistaken. In this case, however, where the lessor assigned the lease soon after its execution before delivery or installation of the goods and before beginning to perform its other obligations under the lease, a question to be resolved at trial exists whether the contract provision in the lease of personal property which purports to exempt the lessor's assignee "for any of lessor's obligations" relates to the exemption from lessee's defenses under section 9-206 or whether it relates to other duties to be performed by the lessor under the contract. (*Noblett* v. *General Elec. Credit Corp.* 400 F. 2d 442.) There are also questions of fact which should be determined on a trial as to whether appellant took the assignment in good faith and without notice of defenses. (Appeal from order of Monroe Special Term denying motion for summary judgment.) Present — Bastow, P. J., Goldman, Del Vecchio, Witmer and Henry, JJ. [55 Misc 2d 724.]