# Davey Tree Expert Company v. Ackelbein.

# Ackelbein v. Davey Tree Expert Company.

(Decided February 18, 1930.)

WM. MARSHALL BULLITT and JOHN E. TARRANT for appellant.

A. S. MOORE for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing in first action, and affirming in second action.

These two appeals are on one record. Suit was brought by the Davey Tree Expert Company, which will be referred to in this opinion as the Davey Company, against Gilbert E. Ackelbein, to enjoin him from doing any work in the way of tree surgery or otherwise prior to March 15, 1932, which work should be the same or similar to that which he performed while he was working for the Davey Company, and from doing tree surgery through any other method either on his own account, or

as an employee of any individual, person, partnership, corporation, or association which may be engaged in competition with the Davey Company for, or on the estate or premises of, or occupied by, any one for whom he worked while in the service of the Davey Company, and to enjoin and restrain him until March 15, 1932, from doing any work in the way of tree surgery and employing any of the methods, or processes taught by the Davey Company at any place in the United States or Canada within a radius of 100 miles of any city where Davey & Co., may be at any time maintaining an office for the conduct of its business, and to enjoin him from doing any work in the way of tree surgery and employing any of the methods or processes of the Davey Company within a radius of 100 miles of the city of Cincinnati, or within a radius of 100 miles of any other city where an office is maintained by the Davey Company.

Reducing the prayer of the petition to its simplest terms, it is that Ackelbein be enjoined from engaging in the business of tree surgery, using any information he received from the Davey Company within 100 miles of the city of Cincinnati, or any other city where Davey & Company maintains, or may maintain, an office.

The chancellor granted an injunction prohibiting Ackelbein from doing the things in the territory and set out in an opinion by Judge Dietzman, one of the judges of the Court of Appeals, on a motion to discharge a temporary injunction. The opinion of Judge Dietzman, referred to in the opinion of the chancellor, ordered that an injunction issue enjoining Ackelbein until further order of the court from doing any work in the way of tree surgery, or otherwise, which he performed while working for the Davey Company, and from doing any further form or method of tree surgery either on his own account, or as an employee of any other individual, person, association, partnership, or corporation which is engaged in competition with the Davey Company in the county of Fayette and in counties adjoining Fayette county, in so far as such territory is within a radius of 100 miles of the cities of Cincinnati, Ohio, and Louisville, Ky.

The chancellor stated, in his opinion, that he was inclined to the opinion that the Davey Company was entitled to the entire relief prayed for, but for the able

and learned opinion of Judge Dietzman. That opinion on the particular point said:

"In its present shape, I cannot say that the record shows that such an extent of territory is necessary to protect plaintiff's business."

He had stated immediately above that part of the opinion which is quoted that the covenant in the contract forbade Ackelbein on the cessation of his contract from doing any work similar to that which he performed for the Davey Company while working for them, or any other form or method of tree surgery for a period of one year. It was pointed out that he might do these things in a place where the Davey Company had never established itself, and where Ackelbein's labor would come in no competition with the plaintiff. The opinion also pointed out that the negative covenant provided that for a year after the cessation of the contract Ackelbein would not do any tree surgery within a radius of 100 miles of any city in which the company was maintaining an office. Then followed that part of the opinion above quoted.

The sole reason why Judge Dietzman did not order an injunction to issue granting the full relief sought in the petition was because the record did not show that it was necessary to protect such an extent of territory by injunction from the invasion of Ackelbein for the protection of the business of the Davey Company. The Davey Company has appealed, because the chancellor did not grant an injunction as prayed for in the petition, that is, because the chancellor did not enjoin Ackelbein from engaging in the business of tree surgery within the areas prohibited by the contract which he had with the Davey Company. Ackelbein has appealed on the ground that Davey and Company was entitled to no relief, and that the chancellor should not have enjoined him from pursuing his occupation at any time and place that he might desire.

The judgment of the chancellor was without prejudice to the right of the Davey Company to file another action, or actions, if Ackelbein should undertake to violate the provisions of his contract with the company in territory other than the territory covered by the injunction, and it was provided that the judgment should not constitute a bar to such other action, or actions.

Ackelbein bases his argument for a reversal on two grounds: (1) That the record does not show a breach of the contract by Ackelbein, or that, if it shows such a breach, it further shows that he was justified in resigning from the service of the Davey Company and terminating his contract because the Davey Company had itself breached the contract; and (2) that the contract is not enforceable, and is illegal and void as being an unreasonable restraint of trade, and contrary to public policy.

Counsel for Ackelbein has set up fully and accurately the testimony in the record touching the breach of the contract. We deem it unnecessary to go at length into the evidence. The facts show that the Davey Company maintains an institution where it instructs men in the art, or science, of tree surgery. Its processes are known only to the Davey Company. Under arrangements not necessary to detail, men attend the institute at the home office of the Davey Company in Ohio for the purpose of being trained in subjects pertaining to the care and maintenance of trees. Ackelbein took this course of instruction, and on February 29, 1928, he entered into a contract with the Davey Company. The contract has a preamble reciting the objects and purposes of the Davey Company and the covenants which would be binding alike on the Davey Company and Ackelbein. The contract provided that the Davey Company should give Ackelbein a three-month course at the institute, and should allow him $10 a week during his attendance, and should pay for the railroad fare in connection with his coming to and departing from the institute, and at the close of the session of the institute the Davey Company agreed to give him work for three years at a certain rate per hour, his minimum compensation each year to be not less than $900.

In consideration of these undertakings on the part of the Davey Company, Ackelbein agreed to attend the institute and to work for the Davey Company for three years after the close of the session of the institute. Ackelbein agreed by the terms of the contract that during the term of his employment, and for one year after its termination, he would not do any similar work to that which he performed while working for the Davey Company, or any other form, or method, of tree surgery either on his own account, or as an employee of any other individual, association, partnership, or corporation which should be engaged in competition with the Davey

Company for, or on the estate or premises of, or occupied by, any person, association, partnership, or corporation for whom, or on the estate or premises of, or occupied by, any one for whom Ackelbein worked while in the service of the Davey Company, or at any place in the United States or Canada which was within a radius of 100 miles of any city of which the Davey Company may at any time be maintaining an office for the conduct of its business, and that he would not engage in the tree surgery business on his own account, or as a member, agent, or employee of a partnership, or other association, or as an officer, agent, or employee of any corporation engaged in the business of tree surgery.

The record discloses that on the close of the institute which Ackelbein attended he was sent by the Davey Company to Fayette county for the purpose of soliciting business for the Davey Company in that community. He went to Fayette county, and there solicited business, and worked for about three weeks for the Davey Company, but, about the middle of April following the signing of the contract in February, he left the employ of the Davey Company, and went into business for himself in competition with the business conducted by that company. The testimony discloses that Ackelbein violated the terms of the contract without any valid reason for so doing.

It is urged that the Davey Company failed to carry out its contract, and was guilty of fraud in its performance, thereby giving Ackelbein the right to terminate the contract. The evidence does not sustain that position.

Counsel for Ackelbein contends that the negative covenant sought to be enforced is too broad, and therefore the Davey Company is not entitled to any relief, as it is rendered invalid, for the reason that it is too broad in its terms. In the case of Thomas W. Briggs Co. v. Mason, 217 Ky. 269, 289 S. W. 295, this court pointed out how covenants of the character of the one in question must not be wider than reasonably required for protection of the employer's business, and restraint must not be broader than is necessary for the protection of the business or good will of the employer. Judge Dietzman, in his opinion above referred to, expressed the view that the contract under consideration was too broad in its terms, in that its negative covenant restricted the operations of Ackelbein to limits not necessary for the protection of the business of the Davey Company. He held,

however, that, although the covenant in question may be too broad, yet, if it can be cut down to what is reasonable, and enforced to that extent, the Davey Company is entitled to such relief as may be necessary for the full protection of its business. Contracts restraining freedom of employment are enforceable when they are reasonable, taking into account the interest of the employer, the employee and the public. It was so held in Thomas W. Briggs Co. v. Mason, supra.

In the case of Owl Laundry Co. v. Banks, 83 N. J. Eq. 230, 89 A. 1055, the same principle was announced. Judge Ditezman pointed out that, where the restriction embraces so much territory as to be unreasonable, but it is so worded as to be divisible and capable of severance by eliminating the unreasonable part, both the American and English courts until recently have enforced the promise, but only as to those parts which the courts consider reasonable. Goldsold v. Goldman, 2 C. H. 603 (1914); Dean v. Emerson, 102 Mass. 480; Fleckenstein Brothers Co. v. Fleckenstein, 76 N. J. Law, 613, 71 A. 265, 24 L. R. A. (N. S.) 913.

In the recent Massachusetts case of Edgecomb v. Edmonston, 257 Mass. 12, 153 N. E. 99, a shorthand reporter employed by a law reporting office covenanted not to engage in a line of business similar to that of the business of the employer within the state of Massachusetts for a period of five years after the termination of the agreement. The employer sought to enjoin the shorthand reporter from engaging in such business within the city of Boston and from soliciting the customers of the employer within the state of Massachusetts. The shorthand reporter was enjoined from carrying on his business in the state of Massachusetts. While the Massachusetts case just cited is not in harmony with the decisions of a majority of the American courts, yet it appears to us to be a sound and safe rule. The enforcement of such an agreement tends to deprive a man of his means of livelihood, yet, on the other hand, the business of an employer may be seriously damaged unless he can protect his business by such covenants.

Judge Dietzman in his opinion said:

"The Massachusetts rule coincides with what the business world, both that of the employer and that of the employee, would deem a reasonable and just interpretation. Parties ought not to be left to

the hazard of having their contracts held valid depending on the varying views different courts might take of the reasonableness of the covenant. The whole includes the part, and if the covenant is too broad, there is no reason why the parties should not receive protection to the extent of the reasonable part included in the whole.''

These views expressed by Judge Dietzman are adopted as our own. It follows without further comment that the judgment in the case of Ackelbein v. The Davey Tree Expert Co. should be affirmed.

We are left with the question involved on the appeal by the Davey Company on the ground that the chancellor did not award the full relief to which the Davey Company was entitled. It is established by the evidence that the Davey Company has developed the business of tree surgery through years of service and advertising. It spends a large sum of money annually on advertising. It has been necessary to educate the public to the necessity of tree surgery. If an employee trained in the processes of this company, and acquainted with its methods, should be allowed to use the processes and methods in conducting an independent business, that which the Davey Company has built up under its name throughout the years would be injured. Ackelbein obtained his education as a tree surgeon through his attending the institute of the Davey Company. He learned of its processes and methods, and was placed in contact with its customers. There are vast areas, according to the evidence in the case, probably as much as nine-tenths of the United States and Canada, where Ackelbein may conduct his business without violating the negative covenants in his contract. The business of doctoring trees necessarily covers extensive areas. In fact, the company maintains only two offices in the Dominion of Canada and three west of the Mississippi river in the United States. Under the principles announced in the case of Thomas W. Briggs Co. v. Mason, supra; Eastman Kodak Co. v. Powers Film Products, 189 App. Div. 556, 179 N. Y. S. 325 (1919), and cases cited above, we have reached the conclusion that the negative covenants found in the contract are not too broad. The restrictions do not embrace so much territory as to be unreasonable. The restrictive covenant was reasonably necessary for the protection of the Davey Company in the conduct of its business. The

chancellor recognized the validity of the restrictive covenant when he adjudged that the Davey Company might seek relief against Ackelbein if he should engage in tree surgery in any other places covered by the restrictive covenant.

Equity acts in personam. A court of equity may order a person to do something, or not to do something within jurisdictions where the court's processes do not run, if the court has the person before it. 21 C. J. 1925; 10 R. C. L. 367.

It should always be the policy of courts of equity to avoid more than one suit. When equity has assumed jurisdiction, it should give complete relief if the entire subject-matter and the parties interested therein are within the jurisdiction of the court. It was well said in the case of Camp v. Boyd, 229 U. S. 530, 33 S. Ct. 785, 793, 57 L. Ed. 1317, that "a court of equity ought to do justice completely, and not by halves."

The court has reached the conclusion that Ackelbein was without justification in breaking his contract and establishing a competitive business; that the contract is valid and binding on the parties; that the negative covenants are not unreasonable. The judgment in the case of The Davey Tree Expert Co. v. Gilbert E. Ackelbein must be reversed, with directions to grant the Davey Company the full relief sought.

Judgment in case of Ackelbein v. The Davey Tree Expert Co. is affirmed, and the judgment in the case of The Davey Tree Expert Co. v. Ackelbein is reversed and remanded for proceedings consistent with this opinion.