Charles McCOY, d/b/a Mountain Metal Company, Plaintiff,

v.

MOSLEY MACHINERY COMPANY, Inc. and C.I.T. Corporation, Defendants.

No. 734.

United States District Court
E. D. Kentucky,
Pikeville Division.

July 10, 1963.

Harris Howard, Clifford Latta, Prestonsburg, Ky., for plaintiff.

Paul C. Combs, Prestonsburg, Ky., C. Kilmer Combs, Ashland, Ky., for Mosley Machinery Co.

Joe Hobson, Prestonsburg, Ky., for C. I. T. Corp.

SWINFORD, Chief Judge.

This is an action for cancellation of a contract for the sale of a sheet iron compression baler and for the recovery of consequential damages. The plaintiff is a citizen of Kentucky and the defendant corporations are citizens respectively of Texas and New York. The case is now before the court on motion of Defendant C. I. T. Corporation for summary judgment dismissing the complaint.

The plaintiff alleges that he bought the compression baler from Mosley Machinery Company in June, 1961 for delivery the following December. The purchase price was $70,000.00. Plaintiff paid $15,000.00 when he bought the machine and $15,000.00 in November, 1961. The baler was not delivered until March, 1962 and the matter in controversy is plaintiff's complaints that it is defective and does not otherwise conform to various warranties made by Mosley Machinery Company. The immediate concern is with the connection of the C. I. T. Corporation to this case.

It appears from the pleadings that on February 20, 1962 the plaintiff and Defendant Mosley Machinery Company executed a conditional sale agreement. This provided that plaintiff would pay $1242.00 each month for 39 months in discharge of the unpaid balance of the purchase price for the baler. On the same day, Mosley assigned its rights in this agreement to C. I. T. in return for a cash payment of $49,680.00. The pleadings present the recurring problem of de-

termining the rights of a financing institution and credit-buyer where the subject of the sale has turned out to be defective. See Mutual Finance Co. v. Martin, Fla., 63 So.2d 649, 44 A.L.R.2d 1.

The court is not presently faced with any grave issue, however. The plaintiff has in broad terms pleaded failure of consideration as the basis for rescission of the conditional sale agreement. C. I. T. in its answer alleges that it took the assignment of the conditional sale agreement for value, in good faith and without notice of any default on the part of Mosley Machinery Company. It has also introduced into the record a copy of the conditional sale contract which, pertinent to the issue of liability of C. I. T. for breaches of sales warranties, provides in the words of the buyer:

> "If you assign this contract you shall not be assignee's agent for any purpose; buyer will settle all claims, defenses, setoffs and counterclaims it may have against you, directly with you, and not set up any thereof against your assignee, you hereby agreeing to remain responsible therefor; no waiver, or change in this contract or related note, shall bind such assignee unless in writing signed by one of its officers."

Ky.Rev.Stat. 355.9–206, Uniform Commercial Code, provides that an agreement by a buyer that he will not assert against an assignee defenses he has against the seller is enforceable by an assignee who takes his assignment for value, in good faith and without notice of a claim or defense. Accordingly, if the allegations of C. I. T.'s answer can be proved, a defense is established. It is another question, however, whether the record will support dismissal of plaintiff's claim against C. I. T. by summary judgment.

■■ The plaintiff filed a reply to the answer of C. I. T. generally denying a counterclaim and all affirmative defenses. It is thus denied that C. I. T. took the assignment without notice of plaintiff's claims against Defendant

Mosley. Here there is an issue of fact and in such a situation summary judgment is not permissible. F.R.Civ.P. 56 (c). Bowdidge v. Lehman, 6th Cir., 252 F.2d 366 (1958). In support of the motion for summary judgment is an affidavit by the person in charge of the Dallas office of C. I. T. who states that he approved the purchase of the conditional sale contract and had no knowledge of any defect in the baler or of anything else that might constitute a defense. This does not represent the proper function of an affidavit in support of a motion for summary judgment. It is only a reiteration of what is in the pleadings. It seeks to advocate a disposition of the factual issue favorable to C. I. T., not to show that there is no factual issue. Vale v. Bonnett, 89 U.S. App.D.C. 116, 191 F.2d 334 (1950).

An order will be entered this day overruling the motion for summary judgment.