**John William MORGAN, Appellant,**

**v.**

**JOHN DEERE COMPANY OF INDIANAPOLIS, Inc., Appellee.**

Court of Appeals of Kentucky.

Sept. 24, 1965.

L. M. Ackman, Williamstown, for appellant.

James E. Thompson, Shackelford, Burnam & Thompson, Richmond, for appellee.

CULLEN, Commissioner.

John William Morgan purchased a John Deere tractor, with several attachments, from S. & W. Industrial Sales of Lexington, Kentucky. For a portion of the purchase price he executed a note and conditional sales contract which were assigned to John Deere Company of Indianapolis, Indiana. Morgan defaulted in his payments and John Deere Company brought action to recover on the note and contract. By way of answer and counterclaim Morgan sought to be relieved of liability, and to recover damages, on the ground that the tractor was structurally defective and was totally incapable of performing the work it was designed and warranted to perform. The trial court entered summary judgment awarding full recovery to John Deere Company and denying any relief to Morgan. He has appealed from that judgment.

John Deere Company is a wholesale distributor of John Deere products and was not the manufacturer of the machinery sold to Morgan. It was not a party to the contract of sale and S. & W. Industrial Sales was not its agent.

The contract of sale contained a waiver of defenses in the following language:

"I will settle all claims of any kind against Seller directly with Seller and if Seller assigns this note, I will not use any such claim as a defense, setoff or counterclaim against any effort by the holder of this note to collect the amount due on this note or to repossess the Goods."

In Walter J. Hieb Sand & Gravel, Inc. v. Universal C.I.T. Credit Corp., Ky., 332 S.W.2d 619, an almost identical waiver clause was held to be valid and binding so as to preclude the buyer of trucks from asserting a breach of warranty as a defense in an action by the assignee of a note and conditional sales contract executed to the seller for a portion of the purchase price. The Hieb case is controlling here, and the circuit court properly relied upon it in denying relief to Morgan.

Morgan contends that the case was not a proper one for summary judgment. However, on the key point in the case, namely, the waiver clause, there was no genuine issue of a material fact, so we think summary judgment was proper.

The judgment is affirmed.