Beam *v.* The John Deere Co. of St. Louis

5-3748                                              398 S. W. 2d 218

Opinion delivered January 24, 1966

*Batchelor & Batchelor,* for appellant.

*James M. McHaney, Owens, McHaney & McHaney,*
for appellee.

Paul Ward, Justice. On July 21, 1964 The
John Deere Company of St. Louis (appellee here-
in) filed a complaint in circuit court against Neal Beam,
d/b/a Beam Construction Company (appellant herein),
containing in substance the following allegations materi-
al on this appeal: (a) On February 9, 1962 appellant
executed a title retaining note in the sum of $9,284.44 in
part payment of a used John Deere Tractor purchased
from the Pulaski Implement Company, hereafter referred
to as ''Pulaski''; (b) said note was negotiated, before
maturity, to appellee who is the bona fide holder there-
of; (c) appellant has failed and refused to pay said note
according to its terms, and there is a balance due of $3,-
271.39; (d) appellant is now in possession of said tractor
and refuses to surrender same to appellee; (e) the trac-
tor is of the value of $6,500; (f) appellee is entitled
to the immediate possession of said tractor; (g) *The*
*prayer was for the recovery of the tractor,* and all other

proper relief. (Similar allegations were also made regarding another tractor which raises no new issue and need not be considered on appeal). Filed in connection with the complaint was an affidavit and bond to obtain delivery, and also a Writ of Replevin.

To the above complaint appellant filed an answer, set off, and Cross-Complaint. *Answer*: Admits buying the tractor from Pulaski, which was represented to be a 1962 model, as used equipment, and purported to have a cash value of $11,750; (b) admits to paying $4,500, leaving a balance of $8,225; (c) Pulaski did not know the tractor was a 1962 model—it being in fact a 1958 model—having a market value of only $5,600; (d) appellee knew the tractor was sold to Pulaski for twice its worth, and Pulaski was an agent of appellee—therefore appellee was not a bona fide purchaser of the conditional sales contract; (e) admits he is in possession of said tractor and refuses to surrender possession to appellee; (f) denies all other allegations in the complaint, and; (g) claims his right under Ark. Stat. Ann. § 51-1102 (1947), i. e. the right to pay any judgment against him and keep the tractor.

*Set-Off and Cross-Complaint*: (a) Pulaski was an agent of appellee in making the sale and therefore a necessary party to this action; (b) Pulaski knew the tractor was older and less valuable than was represented; (c) he is entitled to judgment against Pulaski and appellee for $................., and appellee is entitled to nothing.

*Order and Judgment*: The cause was submitted to the trial court on appellee's Motion for Summary Judgment, the pleadings, and interrogatories. The court found that "there is no genuine issue as to any material fact," and entered judgment in favor of appellee as prayed, including possession of the tractor, with appellant having the right to redeem the equipment.

For a reversal, appellant relies on the three separate points discussed hereafter.

*One.* After both sides had rested, and the matter had been submitted to the court on appellee's motion for a summary judgment, appellant moved the court to reopen the case to allow him to show the tractor was sold by appellee to Pulaski for $500. This motion was denied by the court, and, we think, correctly so. In the first place there was offered no substantial proof of the allegation. In the second place it appears that appellant had not used due diligence to discover the asserted fact sooner. Also, there was undisputed proof that the tractor had been extensively repaired or rebuilt by Pulaski before it was sold to appellant. This fact having been established, the price Pulaski paid for the tractor was no proof of its value when sold to appellant.

*Two.* It is next contended by appellant that the trial court weighed certain testimony which it had no right to do in passing on a motion for summary judgment, but no specific testimony is pointed out. We agree with the principle of law relied on by appellant, but for reasons pointed out under the last point, we deny his contention.

*Three.* It is finally contended by appellant that the trial court erred in holding the pleadings, affidavits, interrogatories, and exhibits, failed to present a genuine issue of fact. Again we are unable to agree with appellant.

It would serve no useful purpose to attempt to set forth the dozens of letters, exhibits, pleadings and interrogatories found in the voluminous record in this case. It appears that appellant's principal contention, to show a fact issue is involved, may be fairly summarized in his own statement that there is a material issue of fact "as to the actual value of the equipment when sold, Beam claiming it was worth less than half what Deere claimed it was." It may be conceded that there is much testimony in the record to indicate that perhaps appellant has a right of action against Pulaski, but when he signed the conditional sales contract upon purchasing the tractor

from Pulaski he waived all claims against appellee to whom the contract was assigned. In part the contract reads:

> "I (we) will settle all claims of any kind against seller directly with seller and if seller assigns this note, I (we) will *not* use any such claim as a defense, set-off or counter-claim against any effort by the holder of this note to collect the amount due on this note or to repossess the goods . . . ." (Emphasis ours.)

The above language clearly falls within the purview of the Uniform Commercial Code (§ 85-9-206) which reads in part:

> "Subject to any statute or decision which establishes a different rule for buyers of consumer goods, an agreement by a buyer that he will not assert against an assignee any claim or defense which he may have against the seller is enforceable by an assignee who takes an assignment for value, in good faith . . . ."

There is not, and could not be, any connection or valid claim that the machinery here involved constitutes consumer goods. The recent case of *John William Morgan* v. *John Deere Company of Indianapolis, Inc.,* (*Ky.*), 394, S. W. 2d 453, is very much in point here to sustain the action of the trial court in this case. In that case the Court said:

> "The contract of sale contained a waiver of defenses in the following language:
>
>> 'I will settle all claims of any kind against Seller directly with Seller and if Seller assigns this note, I will not use any such claim as a defense, setoff or counterclaim against any effort by the holder of this note or to repossess the Goods.' "

"Morgan contends that the case was not a proper one for summary judgment. However, on the key point in the case, namely, the waiver clause, there was no genuine issue of a material fact, so we think summary judgment was proper.

The judgment is affirmed."

Likewise, there is no contention here that appellant did not sign the waiver clause.

The judgment of the trial court is, therefore, affirmed.

Affirmed.

COBB, J., not participating.