**Lester C. ROOT, Appellant,**

**v.**

**JOHN DEERE COMPANY OF INDIAN-APOLIS, INC., Appellee.**

Court of Appeals of Kentucky.

March 3, 1967.

Rehearing Denied May 12, 1967.

Sutton & Martin, Corbin, for appellant.

James E. Thompson, Richmond, for appellee.

STEINFELD, Judge.

This is an action to collect the balance of a debt. Summary judgment was entered for the creditor. The debtor appeals.

Lester C. Root bought a tractor and accessories for a total price of $13,400.00 from Anderson Sales and Service, a dealer. He paid $3,702.00 in cash and entered into a "Time Sale Agreement" in which he agreed to pay the balance in monthly installments. Among other things this agreement provided that it "replaces and has precedence over all prior contracts on the above equipment". It also contained a "Warranty" which is the crux of this litigation.

The provisions which are pertinent here are as follows:

"The 'warranty' on the reverse side is expressly made a part hereof. Seller makes no other agreements or warranties express or implied."

On the reverse side, as a part of the warranty, is found:

"Seller warrants each new John Deere machine to be free from defects in material or workmanship."

The buyer agrees as follows:

"I (We) will settle all claims of any kind against SELLER directly with SELLER and if SELLER assigns this note I (we) will not use any such claim as a defense, setoff or counterclaim against any effort by the holder to enforce this instrument."

Anderson assigned the "note" to John Deere Company of Indianapolis. Thereafter, Root made several payments and then defaulted. Deere repossessed the tractor and accessories, sold them, and sued Root for the deficiency.

Root interposed two defenses. He claimed that Anderson Sales and Service was an indispensable party pursuant to CR 19.01 and that the failure to join Anderson was fatal. The trial court overruled a motion to dismiss. This ruling was correct. CR 19.01 does not apply. Deere, the assignee was the real party in interest; therefore, it could sue in its own name. CR 17.01. Joining the assignor was unnecessary. 6 Kentucky Practice, Clay, page 293.

Secondly, Root argues that the following statement in the agreement is significant:

"I (We) acknowledge receipt of the items sold hereunder and consent to the warranty agreement on the reverse side hereof, which is expressly made a part hereof."

He claims that Deere became obligated to fulfill the provisions of the warranty and that the tractor was defective. The trial court was not in error in entering the summary judgment for there is no merit in this defense. The latter quotation obviously is an agreement by Root and not Deere. Furthermore, Root agreed to seek redress from the SELLER for any breach of warranty and if the note was assigned not to "use any such claim as a defense against any effort by the holder to enforce this instrument".

Such an agreement is authorized by KRS 355.9–206(1), a provision of the Uniform Commercial Code. Similar provisions have been approved in Hieb Sand and Gravel, Inc. v. Universal C. I. T. Credit Corp., Ky., 332 S.W.2d 619 and Morgan v. John Deere Company of Indianapolis, Inc., Ky., 394 S.W.2d 453.

The statement that Root would NOT use such claim against the holder is a form of negative covenant and is valid. Davey Tree Expert Co. v. Ackelbein, 233 Ky. 115, 25 S.W.2d 62; Johnson v. Stumbo, 277 Ky. 301, 126 S.W.2d 165 and Vaughan, et al. v. General Outdoor Advertising Co., Ky., 352 S.W.2d 562.

The judgment is affirmed.

All concur.