**O. G. JENNINGS, Appellant,**

v.

**UNIVERSAL C. I. T. CREDIT CORPORATION, Appellee.**

Court of Appeals of Kentucky.

June 6, 1969.

Lucien M. Hall, Central City, for appellant.

William P. Donan, Donan & Vick, Greenville, for appellee.

WADDILL, Commissioner.

Appellant, O. G. Jennings, purchased an automobile from Scott-McGaw Motor Company under a conditional sales contract which was assigned to appellee, Universal C.I.T. Credit Corporation. Subsequently appellant apparently defaulted in meeting his contractual obligation and appellee repossessed and sold the automobile. However, when the automobile was sold it did not bring a sufficient amount to pay the balance due under the contract.

Appellee filed this action against appellant to collect the deficiency, alleging that $1,119.26 was due under the contract. Appellant, by answer, admitted that he executed the contract with Scott–McGaw Motor Company and that the contract was assigned to appellee, but he denied that he had defaulted in making his payments and that there was $1,119.26, or any sum, due appellant. Appellant, by counterclaim, alleged that, although the contract he entered into with Scott-McGaw Motor Company provided delivery of a new automobile, it delivered to him a used automobile. Appellant sought to recover damages in the sum of $500.00.

Appellee filed a motion to dismiss the counterclaim. The motion was sustained on the ground that the counterclaim failed to state a claim against appellee. Appellee then moved for summary judgment and this motion was sustained. The circuit court held there was no genuine issue as to any material fact and that appellee was entitled to judgment as a matter of law.

Appellant contends that the "waiver of defense" clause that is contained in the automobile sales contract is not effective to cut off his defense of failure of consideration and therefore the court erred in striking his counterclaim.

The contract in question contained this provision:

> "If Seller assigns this contract, Seller shall not be assignee's agent for transmission of payments or for any purpose; Customer will settle, directly with Seller, all claims, defenses, set-offs and counterclaims there may be against Seller, and not set up any thereof against assignee. Upon full payment of Customer's obligation, assignee may deliver all original papers, including any certificate of title to Seller as Customer's agent."

This provision was apparently inserted into the subject contract pursuant to KRS 355.9–206(1) which provides:

> "Subject to any statute or decision which establishes a different rule for buyers or lessees of consumer goods, an agreement by a buyer or lessee that he will not assert against an assignee any claim or defense which he may have against the seller or lessor is enforceable by an assignee who takes his assignment for value, in good faith and without notice of a claim or defense, except as to defenses of a type which may be asserted against a holder in due course of a negotiable instrument under the Article on Commercial Paper (Article 3). A buyer who as part of one transaction signs both a negotiable instrument and a security agreement makes such an agreement."

The validity of this statutory provision authorizing the inclusion of waiver of defense clause in commercial contracts has been upheld. Massey-Ferguson, Inc. v. Utley, Ky., 439 S.W.2d 57; Root v. John Deere Company of Indianapolis, Inc., Ky., 413 S.W.2d 901 (and cases cited therein). In the instant case the waiver of defense clause constitutes a complete defense to appellant's claim because appellee took the assignment for value, in good faith and without notice of a claim or defense to the debt. In these circumstances appellee was entitled to recover against appellant the amount owing under the assigned contract,

independently of any claim to damages appellant may have against Scott-McGaw Motor Company for its alleged breach of its contract. See 15 Am.Jur.2d, Commercial Code, Section 58, page 769 and 6 Am. Jur.2d, Assignments, Section 103, page 285.

█ It is next contended that the circuit court erred in granting appellee summary judgment. We find merit in this contention because both the pleadings and appellant's uncontroverted affidavit make an issue of fact concerning whether appellant defaulted in performing his contractual obligation and, also, concerning the amount of money appellant owes appellee.

The judgment is reversed, with directions to set aside the judgment and to grant appellant a hearing on the issues raised in the case.

All concur.