NATIONAL BANK OF NORTH AMERICA, Appellant, v DELUXE POSTER Co., INC., et al., Respondents.—In an action to recover payments due on a lease of computers and computer equipment, plaintiff appeals from an order of the Supreme Court, Nassau County, dated August 15, 1975, which denied its motion for summary judgment. Order affirmed, with $50 costs and disbursements. Plaintiff, a New York corporation, is the assignee of a lease entered into between defendant DeLuxe Poster Co., Inc. (DeLuxe), as lessee, and Odyssey Systems, as lessor. The lease concerns computers and computer equipment; it was executed on June 28, 1974. By the terms of the lease, DeLuxe agreed, *inter alia,* that the lessor would have the right to assign the lease and, further, that it would not assert against any such assignee any defenses, counterclaims or offsets which it might have against the lessor. The lease further provided that it would commence on the date the lessor's acceptance form was signed by the lessee and delivered to the lessor. Concurrently with the execution of the lease, a separate agreement was executed by the lessor and lessee which provided, *inter alia,* that the lease would not be effective if certain acceptable and satisfactory equipment were not delivered to the lessee. On July 1, 1974 the lease was assigned to plaintiff pursuant to a written agreement. In addition, an "equipment acceptance notice", signed by DeLuxe, and a written guarantee of the obligations of the lessee, signed by defendants Ross A. Johnson and Willis G. Johnson, were delivered to plaintiff. Plaintiff disclaims any knowledge of the separate agreement which was entered into by the lessor and lessee concurrently with the execution of the lease. Following four months of payments under the lease by DeLuxe to plaintiff, payments ceased. This action followed. Plaintiff moved for summary judgment relying, *inter alia,* on the express provision in the lease whereby DeLuxe agreed not to assert against an assignee any defenses, counterclaims or offsets which it might have against the lessor. Plaintiff maintained that it took the assignment for value, in good faith, and without knowledge of any claim or defense, and that therefore it came within the scope of subdivision (1) of section 9-206 of the Uniform Commercial Code. Defendants opposed the motion claiming, *inter alia,* that subdivision (1) of section 9-206 offered no protection because the lease never became effective. Defendants relied primarily on the existence of the separate and concurrent agreement between DeLuxe and Odyssey Systems which, they claimed, conditioned the effectiveness of the lease on the delivery and satisfactory operation of certain equipment. They contended that said condition was never complied with. Special Term denied plaintiff's motion, finding that there is present, *inter alia,* an issue of fact as to whether the subject lease and guarantee ever came into existence so as to obligate defendants as lessees and guarantors. We agree with the result reached by Special Term, but find that there can be no question as to the effectiveness of the lease. Subdivision (1) of section 9-206 of the Uniform Commercial Code provides that a lessee may agree not to assert against an assignee any claim or defense which he may have against the lessor. It further provides that such an agreement is enforceable by an assignee who takes his assignment for value, in good faith, and without notice of a claim or defense, except as to defenses which may be asserted against a holder in due course of a negotiable instrument under article 3 of the Uniform Commercial Code. Section 9-206 obviates the need for the former practice of protecting banks and finance companies, in the business of purchasing

conditional sale contracts and leases, through the use of forms which included negotiable notes. Clearly, the section is intended to give qualified assignees the protection generally accorded to a holder in due course. Subdivision (1) of section 3-119 of the Uniform Commercial Code provides that a holder in due course is not affected by any limitation of his rights arising out of a separate written agreement between the obligor and his immediate obligee, if he had no notice of the limitation when he took the instrument. While the assignee of a lease who can qualify for the special protection afforded by subdivision (1) of section 9-206 is not, strictly speaking, a holder in due course, the purpose of that section is best served by giving such an assignee the protection, in full, accorded to a holder in due course. Accordingly, should plaintiff establish that it is entitled to the preferred status accorded certain assignees under subdivision (1) of section 9-206, it cannot be affected by any limitation of its rights arising out of a separate written agreement between its assignor and DeLuxe. However, an issue of fact is presented as to whether plaintiff did, in fact, take its assignment in good faith and without knowledge of any claim or defense. The affidavits submitted by plaintiff are insufficient to sustain its burden of proof (see Uniform Commercial Code, § 3-307 and Official Comment thereto [McKinney's Cons. Laws of N. Y., Book 62 1/2, Part 2, pp 210-212]; see, also, *Karpas v Bandler*, 218 App Div 418; *Budget Charge Accounts v Petrowski*, 155 NYS2d 681). In addition, a further issue of fact is presented as to the court's jurisdiction over the individual defendants. No such issue exists as to DeLuxe since, by the terms of the lease, it effectively consented to the jurisdiction of the courts of this State (see *National Rental v Szukhent*, 375 US 311; see, also, *Atlas Credit Corp. v Ezrine*, 25 NY2d 219). Hopkins, Acting P. J., Martuscello, Margett, Christ and Shapiro, JJ., concur.