**VALMONT CREDIT CORPORATION,**
**Plaintiff and Appellee,**

v.

**W.T. McILRAVY, Marion McIlravy, Louis J. Van Roekel, and Carol Van Roekel, d/b/a McVan Farm & Ranch, Defendants and Appellants.**

**No. 14242.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 17, 1984.

Decided Feb. 29, 1984.

692

Brent A. Wilbur of May, Adam, Gerdes & Thompson, Pierre, and Mark F. Enenbach, McGrath, North, O'Malley & Kratz, P.C., Omaha, Neb., for plaintiff and appellee.

William J. Srstka, Jr. of Duncan, Olinger, Srstka, Lovald & Robbennolt, P.C., Pierre, for defendants and appellants.

DUNN, Justice.

This is an appeal from a summary judgment granted to plaintiff Valmont Credit Corporation (Valmont) in an action to recover amounts due under the terms of a purchase security agreement. We affirm.

W.T. McIlravy, Marion McIlravy, Louis J. Van Roekel, and Carol Van Roekel, doing business as McVan Farm & Ranch (appellants), operate a corporation which farms land in Stanley County, South Dakota. In March of 1979, appellants and Sandhills Implement of Bassett, Nebraska, executed a purchase security agreement by which appellants agreed to purchase irrigation equipment for their farm. Under terms of the agreement, appellants were to make seven annual payments of $75,009.03, commencing June 30, 1979, with each succeeding payment due on June 30 of the following years. The agreement also contained the following waiver of defense clause:

Buyer waives, to the fullest extent permitted by applicable law, as against any assignee of Seller's interest in and to the goods and this agreement all claims now or hereafter existing of Buyer against Seller, and agrees, to the fullest extent permitted by applicable law, not to assert such claims against such assignee as a defense, setoff, counterclaim or otherwise.

Subsequent to execution of the agreement, Sandhills Implement assigned the agreement to Valmont, as had been contemplated by the parties. Valmont, which supplied the agreement forms to Sandhills Implement, is a subsidiary of Valmont Industries, Inc., the manufacturer of the irrigation equipment sold to appellants.

When appellants failed to make the required payments in 1980 and 1981, Valmont, pursuant to the agreement, chose to accelerate the balance due to them. No payments were received from appellants, so Valmont brought suit to recover the

debt. Appellants, in an amended answer and counterclaim, alleged that the irrigation equipment had not functioned properly and that Valmont was so closely connected to Sandhills Implement it should not have the status of holder in due course.

Valmont moved for summary judgment, based upon the pleadings, answers to interrogatories, and affidavits. After a hearing on the motion, the trial court granted summary judgment.

Appellants raise two issues in their brief, but because the issues are interrelated, we shall consider them together. Appellants' basic contention is that the trial court erred in granting summary judgment to Valmont. Appellants claim summary judgment is improper since they raised the legal defense of close-connectedness between Valmont and Sandhills Implement; this defense, if proven, would deprive Valmont of the status of holder in due course and the benefits of the waiver of defense clause.

SDCL 15-6-56(c) states that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The guiding principles as to the use of summary judgment are: 1) the evidence must be viewed most favorably to the nonmoving party; 2) the burden of proof is on the moving party to show clearly that there is no genuine issue of material fact; 3) summary judgment is not intended to be a substitute for trial where any genuine issue of material fact exists; 4) a surmise that a party will not prevail at trial is not sufficient basis to grant the motion on issues which are not shown to be sham, frivolous, or so unsubstantial that it is obvious it would be futile to try them; 5) summary judgment is an extreme remedy and should be awarded only when the truth is clear, and reasonable doubts touching the existence of a genuine issue as to material fact should be resolved against the moving party; 6) however, the court may expose sham claims and defenses by the nonmoving party. *Bourk v. Iseman Mobile Homes, Etc.*, 316 N.W.2d 343 (S.D. 1982); *Wilson v. Great Northern Railway Company*, 83 S.D. 207, 157 N.W.2d 19 (1968). With these principles in mind, we must determine whether appellants have actually raised a legal defense, thus creating a genuine issue of material fact.

■■■ SDCL 57A-9-206(1) states the rule for waiver of defense clauses:

Subject to any statute or decision which establishes a different rule for buyers or lessees of consumer goods, an agreement by a buyer or lessee that he will not assert against an assignee any claim or defense which he may have against the seller or lessor is enforceable by an assignee who takes his assignment for value, in good faith and without notice of a claim or defense, except as to defenses of a type which may be asserted against a holder in due course of a negotiable instrument under the chapter on commercial paper (chapter 57A-3)....

In other words, waiver of defense clauses are valid in South Dakota, and any assignee of an agreement with such a clause attains the status of a holder in due course, provided he takes the assignment for value, in good faith, and without notice of claim or defense. *Compare* SDCL 57A-3-302. The only claims or defenses which can be asserted against a holder in due course are the so-called real defenses of SDCL 57A-3-305(2): infancy, incapacity, duress, illegality, etc. Therefore, if it is determined that Valmont has holder in due course status by virtue of SDCL 57A-9-206(1), it can enforce the waiver of defense clause and is entitled to payment regardless of claims raised by appellants in their amended answer and counterclaim. On the other hand, if it can be shown that Valmont did not take the assignment in good faith, then Valmont does not have holder in due course status and becomes subject to the defenses of appellants.

■■■ The close connectedness doctrine is applied when the assignee of an instrument or agreement has such a close connection with the assignor (seller of the

goods) that it cannot be said the assignee took the instrument in good faith.* This court recognized and applied the doctrine in *J.I. Case Credit Corp. v. Skjoldal*, 296 N.W.2d 514 (S.D.1980). In *J.I. Case Credit Corp.*, we stated that close-connectedness exists when it has been shown that the assignee has 1) a substantial voice in, or control of, or a vested interest in the underlying transaction, or 2) if the assignee has knowledge of the particular transaction or of the way the seller does business, so that he knows of claims the buyer has against the seller. 296 N.W.2d at 516–17. The mere fact that the assignee supplied the forms to the seller or was a corporation formed by a manufacturer to finance sales of its products is not enough to establish the close connection required for application of the doctrine. *Id.*

It is also significant to note that in *Block v. Ford Motor Credit Company*, 286 A.2d 228 (D.C.1972), a case relied upon by this court in *J.I. Case Credit Corp.*, no close connection between assignee and seller was found despite the fact that: 1) the assignee prepared the forms for the seller; 2) the assignee permitted its name to be displayed for advertising purposes in seller's place of business; 3) the assignee was aware of some complaints against the seller; and 4) the assignee acquired about 2500 of such contracts from the seller each year.

Two important cases in which a close connection between assignee and seller was found are *Unico v. Owen*, 50 N.J. 101, 232 A.2d 405 (1967), and *Arcanum Nat. Bank v. Hessler*, 69 Ohio St.2d 549, 433 N.E.2d 204 (1982). In *Unico*, the assignee existed solely for the purpose of financing operations of one seller; the assignee exercised extensive control over daily operations of the seller's business and it set the terms of the sales agreements. In *Arcanum Nat. Bank*, the assignee and seller shared directors and management, the assignee did independent credit checks on seller's customers, and assignee advised seller as to business practices.

■ In the present case, we must conclude that appellants have failed to effectively raise the defense of close-connectedness. The only "evidence" in the record showing a close connection between Valmont and Sandhills Implement is appellants' *belief* that Valmont had an active role in setting terms of the contract and their *assumption* that Sandhills Implement was a mere agent of Valmont. Appellants have produced no actual evidence that Valmont had a substantial voice in, control of, or a vested interest in the transaction between Sandhills Implement and appellants, or that Valmont knew of claims appellant had against Sandhills Implement. Nor have appellants shown any of the key factors which the courts relied upon in *Unico* and *Arcanum Nat. Bank;* such factors would be present if Valmont had existed solely to finance sales of Sandhills Implement, or if Valmont and Sandhills Implement had shared management. SDCL 15–6–56(e) states, in pertinent part:

> When a motion for summary judgment is made and supported as provided in § 15–6–56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in § 15–6–56, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

We find that appellants' mere allegations of a close connection between Valmont and Sandhills Implement are insufficient to raise a genuine question of material fact as to the good faith assignment of the purchase security agreement. Therefore, Valmont is entitled, as a matter of law, to holder in due course status, and by virtue of SDCL 57A–9–206(1) is free from claims raised by appellants.

---

* Appellants have raised no issue as to any connection between Valmont and Valmont Industries, Inc., the manufacturer of the equipment, nor is such a connection important for application of this doctrine. The doctrine is applied if there is a close connection between assignor and assignee. J. White & R. Summers, Uniform Commercial Code § 14–8 (2d ed. 1980).

The judgment of the trial court is affirmed.

All the Justices concur.

